## LEWIS C. HARE

### v.

## FREDERICK STEGALL.

1. PAYMENTS—*how applied.* Where a debtor owes a creditor several debts, and makes payments, he has the right to direct their application to any one or more of the debts he may choose; but if he makes payments and gives no directions, then the creditor may apply them as he may choose; and when such payments are made, and neither party makes the application, the law will apply them in the manner most advantagous to the creditor, as it will be presumed he would, had he made an election, have so applied them.

2. Where a creditor holds two debts against another, and one is secured and the other is not, and payments have been made by the debtor, and there is no evidence that he directed their application, and no evidence of how they were applied, it will be presumed that they were credited on the debt for which he held no security.

3. RENT—*distress—abandonment of premises.* Where a tenant removes from or abandons the leased premises, the statute gives the landlord the right to distrain for rent due, and also for that to become due. Nor will it affect the landlord's right if the tenant gives notice that he intends to leave. He can not, by such means, deprive the landlord of his right to distrain.

4. REPLEVIN—*distress for rent.* The action of replevin may be brought to try the legality of a distress for rent, provided there is no sum whatever due for rent; but if any sum, however small, is due, and the distress is for a greater sum, or is excessive in regard to the quantity of goods taken, or otherwise irregular, the remedy must be by case.

APPEAL from the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. T. G. FROST, for the appellant.

Messrs. McCOY & CLOKEY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin to recover the possession of personal property taken under a distress warrant for rent. The declaration is in the usual form, to which the defendant

pleaded *non detinet*, a plea of property in the defendant, and a plea of justification under a distress warrant for rent due to Joseph H. Bloomfield, issued to appellant to execute, against appellee, and which was levied on the property in controversy. To these special pleas replications were filed, traversing the defense set up therein, and a further replication that appellee was expelled from the premises by the landlord. Issues of fact were formed, and a trial had by the court and a jury, and the issues were found for the plaintiff. A motion for a new trial being overruled, judgment was rendered on the verdict, and the record is brought to this court on appeal.

From the evidence, we entertain no doubt that there was due the landlord some rent. Whether the last installment was due or not, it satisfactorily appears that a portion, perhaps not less than $100, was unpaid on the first installment. It is contended that this may have been a balance on the purchase of property, and not for rent. Appellant swears that a portion of what was paid was applied to that account, and if specific directions were not given when the payments were made, as to the manner it should be applied, the creditor had a right to appropriate it to whichever debt he chose. Appellee did not pretend that he directed the payments to be applied to the debt for articles purchased. It is natural the landlord, having security for the rent by lien on crops and other property, would, unless otherwise directed, apply payments to the debt not secured, until it was extinguished. And if no appropriation was made by the parties, the law would apply it to the debt not secured, on the ground that, in the absence of any direction, the presumption would be that the creditor, having a right to choose to which it should be applied, would appropriate it in the mode most advantageous to him.

Again, when the writ was served, appellee admitted to the officer that he owed Bloomfield, but insisted only that the amount was too large. He also made this admission to several other persons. He knew whether the money was due for rent, and that the distress was made for it as rent. He then

made no pretense that it was not due. He must have known that the landlord could only distrain for rent, and had the sum been due on some other account he would no doubt have said what he owed was not for rent, and the distress was wrongful. But he did not place it on such grounds, but simply that the distress was for too much.

If, however, in this we should be wrong, appellee had abandoned the premises, and under the 9th section of chapter 40, Revised Statutes, the landlord had the right to distrain for the remainder of the rent, whether it was, or not, due. We think, from the entire evidence, it was due on the 1st of January, and the distress for all of the rent unpaid was properly made upon the ground that it was due. That section of the statute declares that, " In case of the removal or abandonment of the premises or any part thereof, by such tenant, all grain or vegetables grown or growing upon any part of the premises so abandoned, may be seized by such landlord, his agent or attorney, before the rent is due." It further provides that the landlord may cultivate growing crops or vegetables until matured, and hold the property thus seized until the rent shall become due, when it may be sold as in other cases of distress. This section manifestly gave the landlord the right to distrain, after appellee abandoned the premises, for any rent due or to become due. This section authorizes the seizure of matured crops or vegetables, as well as those that are still growing. Nor would it deprive the landlord of this right by being informed that appellee intended to remove. No inference can be drawn, from such knowledge, that the landlord loses his lien and right to distrain. Nor did the mere fact that the landlord's cattle may have trespassed upon him, absolve him from the payment of rent. It may be that it gave him the right to maintain trespass, but it did not amount to such an ouster or dispossession of appellee as would release him from payment of rent.

It is said in Chitty's Pleadings, Vol. 1, p. 188, 6th Am. Ed., that replevin " may be brought to try the legality of a distress

for rent, provided there were no sum whatever in arrear; but if any sum, however small, were due, and the distress were for a greater sum, or excessive in regard to the quantity of goods taken, or otherwise irregular, the remedy must be by action on the case." We have seen that there was some rent due, and if so, this rule of law is conclusive of the action of replevin. Appellee has misconceived his remedy, and inasmuch as there was rent due, this action could not be maintained, and the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*