# ISAAC A. MILLER
## v.
# NATHAN B. CRAIG.

*Payment—Application of—Receipt—Burden of Proof—Instructions.*

1.   A receipt in full of "account" does not mean in full of notes and claims.

2.   The burden of proof is upon him who alleges that such a receipt was intended to cover a note.

3.   In an action against a surety on a note, wherein this court reversed a former judgment for defendant for errors in the instructions, it is *held:* That the objectionable features of an instruction, assuming that a receipt in full of " account " was *prima facie* evidence of the payment of the note, were not removed by a certain modification of the instruction; that another instruction which this court condemned at the former hearing, is still, as modified, open to the objection that it presents questions foreign to the issue; that an instruction touching the creditor's right to make application of payments, made generally by the debtor, should have been given as asked by the plaintiff; and that a certain deposition was properly admitted, although certain questions asked on cross-examination were not answered.

[Opinion filed May 17, 1887.]

APPEAL from the Circuit Court of Jo Daviess County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. D. & T. J. SHEEAN & McHUGH, for appellant.

Where a creditor holds two debts against another, and one is secured and the other is not, and payments have been made by the debtor, and there is no evidence that he directed their application and no evidence of how they were applied, it will be presumed that they were credited on the debt for which he held no security.   Hare v. Stegall, 60 Ill. 380.

A defendant, who pleads payment of the debt upon which he is sued, holds the affirmative of that issue, and the burden of proof is upon him to show the payment by a preponderance of evidence.   The production of his obligation put him upon that proof, and if the evidence is equally balanced, the ver-

Miller v. Craig.

dict must be against him.  Howard v. Bennett, 72 Ill. 297;
Douglass v. Pfeiffer, 46 Ill. 102; Union N. Bank v. Balden-
wick, 45 Ill. 375; Watt v. Kirby, 15 Ill. 200; Miller v. Craig,
16 Ill. App. 133.

Mr. M. Y. Johnson, for appellee.

Lacey, J.  This is the same case that was in this court at
its December term, 1884, and was then decided, and judg-
ment reversed and the cause remanded.  The suit is based on
a joint and several promissory note dated May 4, 1870, given
by W. R. Craig as principal, and the defendant in error as
surety, for $800, due one day after date, payable to P. M.
Spencer with ten per cent. interest from date, and indorsed by
Spencer to appellant.  The facts of the case and points in con-
troversy are fully set forth in our former opinion reported in
16 Ill. App. 133, which, for more particular statements of facts,
will be referred to.  The case, when it was here before, was
carefully considered by us, and the judgment reversed and the
cause remanded for reasons stated in that opinion.  The case
has been again tried in the Circuit Court and resulted in
verdict and judgment the same way, in favor of appellee, and
the cause is again appealed to this court.

It is complained by counsel that the court below repeated
the same errors for which the judgment was reversed when
it was in this court before, in giving some of the same objec-
tionable instructions, slightly modified, but the objectionable
features not removed, and it is also insisted that the court
admitted improper evidence, and some other errors assigned.

The appellee pleaded payment and withdrew the general
issue and this was the only issue.  It appears that two pay-
ments were made to appellant by W. R. Craig, the principal
in the note, one for $900, May 1, 1880, and one for $1,700
May 3, 1880.  The first was sent in draft payable to P. M.
Spencer, the letter not directing where it should be applied.
The second payment was made in person to appellant and by
the receipt given it was to be "in full of appellant's *account*"
against him provided appellee got no more money from the

State of Iowa, etc.   The appellant it appears had three different claims against W. R. Craig, the note in suit, a judgment against him in Iowa for $1,975.43 and costs of suit, and a book account of P. M. Spencer against said A. M. Craig and assigned by Spencer to appellant January 17, 1880, amounting to the sum (the balance) of $1,199.25.   The appellant's contention is that only the amount of the judgment was intended to be settled by the last payment, and was so understood by both parties; tha tthe first payment was intended to apply on the Spencer account; that in fact the said A. M. Craig at the time did not know that appellant owned the account, he claiming to collect it as agent for Spencer.   The appellee contends that the last payment was intended to apply on all the claims, the note as well as the accounts and judgment, and the first one on the note.   The evidence was somewhat conflicting as directed to the issue.   The court below gave the seventh instruction which is set out in full and condemned in the opinion, in 16 Ill. App. 133, except it added these words to the conclusion: "It is a question for the jury to determine whether the claim of payment has been established, the burden of proving such payment resting upon defendant."

This by no means removes the objectionable feature of the instruction.   The plain reasoning of the instruction is that the receipt on its face shows that the amount paid, the $1,700, was paid on the note as well as the judgment, and that in consequence of this receipt showing that the *payment was made on the note* and judgment together, in other words, all claims, the appellant must overcome the receipt and show by a preponderance of the evidence outside of the receipt that the payment was intended to apply alone on the judgment.

It will be seen that the receipt on its face fails to show that " the note " or " all claims " were paid in full; it says " account," The word account does not necessarily or commonly mean " note " or " claims," and the court has no right to assume that it does.   A receipt in full of account does not mean in full of notes and claims.   The word account does not cover notes. The court having first instructed in substance, though not literally, that the word " account " meant note and claim as

well, and that, therefore, the receipt was *prima facie* evidence of payment of the note, did not cure this error by saying the burthen of proof was on appellee to show payment. According to the instruction he had already shown that when the receipt was produced; it thereby cast the burden on appellant. It is true the payment may have been intended to apply on the note as well as account, and the surrounding circumstances and evidence may have shown that; but the burthen of proof was on the appellee to show such a state of facts as to raise such presumption, the receipt not being sufficient in itself.

The modification of the eighth instruction given for appellee by adding the words to it, viz., (the instruction being same as set out in Miller v. Craig, 16 Ill. App. 133,) "But a man has a right to pay an outlawed debt if he thinks proper, and if he does pay money on such a claim he can not reclaim such payment," does not in the least remove the objectionable features. The same reasons that we before gave in condemning this instruction, remain in full force after the added words. The instruction raises a false and foreign issue and is in no part applicable to the issues in the case, only whether any payment had been made on the note. It was well calculated to mislead the jury and should have been refused, as no amendment could make it good.

Again we find from the testimony of Spencer that his claim, even if the Statute of Limitations had ever run against it, was revived by a subsequent promise of A. W. Craig, within the Statute of Limitations, that is, in 1879, and no witness contradicts such statement; hence, as to that claim no question of the Statute of Limitations could arise and none is claimed as to the others. So that the court erred in giving the instruction for the reason there was no evidence on which to base it, and also in allowing the statute of Iowa on the question of limitations to be introduced in evidence.

We think that the appellant's modified fourteenth instruction should have been given as asked. It submitted the question properly as to the application of the $900 on his theory of the case and was correct if his hypothesis was true as therein stated. The modification rendered it somewhat unintelligible.

We think the court erred in refusing to give appellant's offered instructions sixteen, seventeen, eighteen and nineteen. These instructions lay down the proposition of law and seek to apply it in proper form to the facts of this case, that where money is paid generally by the debtor to the creditor to be applied on some one of several claims, and does not direct the application of it, then the creditors may make the application, and on his failure to make the application the law will apply it first to the debt for which the security is the most precarious. There can be no doubt this is the general rule, as see Hare v. Stegall, 60 Ill. 380; Wilhelm v. Schmidt, 84 Ill. 183; Hansen v. Rounsavell, 74 Ill. 238. The appellee claims in his brief that this rule has its limitation; that if one of two claims is legal and the other equitable, the creditor must apply it on the legal, citing 2 Greenleaf's Evidence, Sec. 531; Godard v. Hodges, 1 Comp. & Meeson, 33; 3d Vol. Phillip's Ev., 441, and notes. We have examined the case cited in 1 Comp. & Meeson, *supra*, and find it not in point. The equitable claim in the case there cited was an unsettled partnership account. The debtor was liable on the legal demand which was the earlier. The court say that the partnership account was not a *claim* till settled. The case at bar is different; the Spencer claim was not an equitable but a legal one; the only thing equitable about it was the assignment, but we can not conceive that that fact could make any difference; it was a claim that was settled and undisputed. The instructions were proper and should have been given.

We see no error in the admission of the deposition of A. W. Craig, who was fully cross-examined by appellee, or the admission of the report of the evidence of A. W. Craig on a former trial. It was discretionary with the court to allow at the time it did, nor did it render it incompetent because Craig had not answered some proper questions that had been propounded to him at the time he testified on cross-examinations, in regard to the amount of *pro rata* share paid out of the $24,000 received by him from the State of Iowa, on his debts. This might have been proved by any other witness, or it may have been the misfortune of appellant that Craig was de

ceased, and appellant deprived of his testimony; but it was no proper grounds for the exclusion of his entire evidence.

For the errors above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*