## B. Franklin Kronkrite et al. v. Thomas J. McGrath, Trustee, et al.

1. APPELLATE COURT PRACTICE—*Objections Must First be Made in the Court Below.*—Questions relating to the amount of attorney fees in a foreclosure proceeding must be presented to the master or to the chancellor; they can not be raised for the first time in this court.

**Foreclosure Proceedings.**—Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Decree for complainant. Appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed April 17, 1899.

FRANKLIN L. CHASE & P. J. O'SHEA, attorneys for appellants.

GEORGE F. BORMAN, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

The question presented upon this appeal is as to the propriety of that part of the decree of sale in a foreclosure suit, which allows the sum of $640.90 as solicitor's fees. The amount of the indebtedness secured by the trust deed foreclosed was $22,387.05. The trust deed contained the following provisions, to apply in case of default in payment of the secured indebtedness and upon the filing of a bill to foreclose and prosecuting the same to a decree for sale of the mortgaged property: "and out of the proceeds of any such sale, to first pay the costs of such suit, all costs of advertising, sale and conveyance, including the reasonable fees and commissions of said party of the second part, or person who may be appointed to execute this trust, and three per cent on the amount of such principal, interest and costs for attorney's and solicitor's fees, and also all other expenses of this trust."

No complaint is made of the decree ordering sale of the mortgaged property, except as to the amount decreed for solicitor's fees. It is not contended that this amount exceeds the three per centum stipulated in the trust deed, but it is

urged that the evidence fails to show that the amount allowed is a reasonable and customary fee for the services rendered. The contention is without merit.

Borman testifies as to the services rendered in this behalf, and that $750 would be a fair and reasonable fee for such services. The witness is a practicing lawyer. While counsel for appellees were examining another lawyer upon same branch of the case, viz., the amount to be allowed as solicitor's fees, and while the sum of $750 was under consideration, the solicitor for appellant stated, " I am perfectly willing it should be allowed if it is to go to the solicitor." The hearing was before a master in chancery to whom the cause had been referred. In the objections to the master's report, while specific objection is made to the finding as to the amounts allowed for taxes, no objection whatever is made to the finding as to solicitor's fees. The master found that the amount decreed was a reasonable amount to be allowed as solicitor's fees.

From the foregoing it is apparent that the decree must be affirmed. The proof was sufficient; the appellant, by reason of the statement of his counsel at the hearing, is precluded from questioning the amount, and there having been no such question presented to the master by objection, or to the chancellor by exception, it could not, in any event, be urged here.

The decree is affirmed.