## Olaf K. Monson v. George Meyer et al.

1. Errors—*Which Do Not Prejudice the Party Complaining.*—A party can not be heard to complain of an error which does not operate to his prejudice.

2. Appellate Court Practice—*Each Case to be Decided upon Its Own Record.*—Each case must be decided upon the record filed in it and upon that alone.

Foreclosure.—Error to the Superior Court of Cook County. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed November 20, 1900.

Franklin L. Chase, Bangs, Wood & Bangs and J. Edward Newberger, attorneys for plaintiff in error.

George F. Borman, attorney for defendants in error.

Mr. Justice Horton delivered the opinion of the court.

This is a proceeding in chancery to foreclose a trust deed in the nature of a mortgage. A decree of sale was entered, to reverse which an appeal was prosecuted to the Appellate Court. Such decree was there affirmed. (Kronkrite v. McGrath, 82 Ill. App. 340.) Thereupon a master in chancery of the court below, proceeding under said decree, sold the premises therein described. In his report of such sale is the following, viz.:

" The moneys arising from said sale were not enough to pay the amounts found due the said complainant, with interest and costs and expenses of sale, and that there is still due the complainant, George Meyer, the sum of $1,399.55, being the interest due on decree entered in said cause since the 23rd day of February, 1898."

In the decree affirming said report it is recited and ordered, among other things, as follows, viz. :

" And it further appearing from the said master's report that the proceeds of said sale of said real estate were not sufficient to pay the said amount as found and adjudged to be due to said complainant, George Meyer, in and by said

decree, and that the sum of thirteen hundred and ninety-nine dollars and fifty-five cents ($1,399.55) of the interest on said decree still remains unpaid to said complainant, George Meyer, from said defendants, B. Franklin Cronkrite and William E. W. Johnson,

It is further ordered, adjudged and decreed by the court that the said decree stand as a judgment against the defendants, B. Franklin Cronkrite and William E. W. Johnson for the sum of thirteen hundred and ninety-nine dollars and fifty-five cents ($1,399.55) with interest thereon from this date against said defendants, B. Franklin Cronkrite and William E. W. Johnson, as at common law."

The decree of sale is in the usual form and directs the application of the proceeds of sale as follows:

" That the said master, out of the proceeds of sale retain his fees, disbursements and commissions herein, and pay to the officers of this court their costs in this cause, and pay to the complainant's solicitor the solicitor's fee aforesaid, and out of the remainder pay to the complainant, George Meyer, the amount by this decree found to be due him, with interest thereon at five per cent per annum, from the date of this decree to the date of such sale; and if such remainder shall not be sufficient to pay said amount and interest, that he apply the same to the extent to which it may reach in satisfaction thereof, and specify the amount of the deficiency in his report of such sale."

Counsel for plaintiff in error contend that the master should have applied the proceeds of sale, after payment of costs and solicitor's fees allowed by the decree of sale, first to the payment of the interest upon the amount found by said decree to be due to the complainant, and the balance upon the principal sum so found to be due.

Whatever interest plaintiff in error has or had in or to the premises sold or the proceeds of such sale is subject to the lien and interest of the original complainants. There is no claim that there is any error in regard to the amount to be paid under said decree of sale, but only as to the application of a part thereof to the payment of interest aforesaid.

There is no decree against the plaintiff in error other than that his interest, if any, in the premises sold, was subject to the lien and interest of defendant in error. There-

fore, so far as appears by the abstract of record in this case, it is immaterial to the plaintiff in error whether there was any error in the application of the proceeds of sale to the payment of principal instead of interest. The amount of the lien which is prior to the claim of plaintiff in error, would, in either event, be the same. The parties against whom the personal decree was entered for the payment of the balance due to defendant in error, Meyer, are not before this court asking any relief.

A party can not be heard to complain of an error which does not operate to his prejudice. Jefferson v. Jefferson, 96 Ill. 556; N. W. Ben. & Mut. Aid Association v. Mann, 21 Ill. App. 377.

It is stated by counsel for plaintiff in error in their brief, but it does not appear in this record, that the plaintiff in error is interested because he has been sued upon the appeal bond filed in this case when the case was brought to this court by appeal as above stated, that judgment has been entered against him and his sureties in that suit, and that an appeal from that judgment is now pending in the Appellate Court for this district. We are asked to examine the record in that case in considering the case at bar. We can not do that. This case must be decided upon the record filed herein and upon that alone. Field v. Anderson, 103 Ill. 407; 2 Enc. Pl. & Prac. 508. The decree of the Superior Court is affirmed.