OLAF K. MONSON

v.

GEORGE MEYER *et al.*

*Opinion filed April 18, 1901.*

1. PAYMENT—*equity will credit payment so as to give creditor the best security.* Equity requires the debtor to pay all his obligations, and the court will credit a payment so as to give the creditor the best security for the debt remaining unpaid.

2. SAME—*when proceeds of a foreclosure sale should be last applied to interest on decree.* If a defendant in foreclosure appeals and gives a bond for the payment, in case of affirmance, of such interest as might accrue and remain otherwise unpaid upon the decree from the date thereof, it is proper, upon affirmance, to apply the proceeds of the sale to satisfy fees, costs and principal before satisfying the interest on the decree, since the deficiency, if any, will thereby embrace the interest which is secured by the appeal bond.

3. SAME—*right of debtor to direct application of payment applies only to voluntary payments.* The right of a debtor to direct the application of a payment applies only to voluntary payments, and not to those made under compulsory process of law.

*Monson* v. *Meyer*, 92 Ill. App. 127, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

FRANKLIN L. CHASE, and BANGS, WOOD & BANGS, for appellant.

GEORGE F. BORMAN, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant was one of the defendants in the superior court of Cook county to the bill filed in this case by appellees to foreclose a trust deed upon lands in that county, securing notes made by B. Franklin Cronkrite and William E. W. Johnson. A decree of foreclosure and

for a sale was entered, from which appellant prayed an appeal to the Appellate Court for the First District. The decree provided that the lands subject to the trust deed should be sold by a master in chancery; that out of the proceeds of the sale the master should retain his fees, disbursements and commissions and pay to the officers of the court their costs, and next pay to complainant's solicitor $648.90, solicitor's fees, and out of the remainder pay to the complainant, George Meyer, the amount found due him, which was $21,738.15, with interest thereon at five per cent from the date of the decree; that if such remainder should not be sufficient to pay said amount and interest he should apply the same to the extent to which it might reach, and that he should make report of the sale and specify therein the amount of the deficiency. To perfect his appeal from that decree appellant gave a bond, with security approved by said court, in the sum of $2500, conditioned for the prosecution of his appeal and the payment of the costs thereof, and of such interest as might accrue and remain otherwise unpaid on said decree from the date thereof, in case said decree should be affirmed by said Appellate Court. The decree was affirmed and appellant became liable upon his bond for said costs and interest. After the affirmance and the filing of the mandate in the superior court the master sold the lands for $22,899.45. He retained his own fees, disbursements and commissions, and paid to the officers of the court their costs and to complainant's solicitor the said solicitor's fee, and paid to said complainant the remainder, $21,738.15, which was the amount due said complainant at the date of the decree. The master reported that there was a deficiency of $1399.55 for the interest due on the decree from its date. The court approved the master's report, and entered a decree applying the proceeds of the sale in payment of the costs and expenses of sale and the amount due complainant at the date of the decree, and finding that the deficiency was for in-

terest on the decree still remaining unpaid, and that
B. Franklin Cronkrite and William E. W. Johnson were
personally liable therefor. The decree was rendered per-
sonally against them for said amount. Appellant sued
out a writ of error from the Appellate Court for the First
District, and by his assignments of error questioned the
application of the proceeds of the sale by said decree.
He had become bound to pay such interest as might ac-
crue and remain otherwise unpaid on the decree, and,
being a party to the suit, the decree applying the pro-
ceeds of the sale in payment of the principal would bind
him and establish his liability upon the appeal bond.
The case was heard in the Branch Appellate Court and
the decree was affirmed. From the judgment of affirm-
ance this appeal was prosecuted.

Appellant contends that the superior court was bound
to apply the ordinary rule for partial payments upon
any debt bearing interest, by which the sum paid is ap-
plied first to the payment of interest due and the balance
goes to diminish the principal. If that rule is applied,
the interest which accrued pending his appeal and for
which he is liable on his bond would be first paid, and,
the balance being applied on the principal, the deficiency
would be a deficiency of principal and he would be re-
lieved from all liability on his bond. The effect would
be to render valueless his appeal bond, to exonerate him
and his surety from liability, to the injury of the cred-
itor, by depriving him of the security of the appeal bond,
by which the operation of the decree was suspended and
the sale delayed.

The general rule in case of voluntary payments by a
debtor is, that the debtor may, if he chooses, control the
application of the payment. If he does not direct the
application, the creditor may exercise the power of ap-
plying it where he chooses, and if the power is exercised
by neither, the court will make the application on equi-
table principles, and will apply the payment on that

debt which is not secured or for which there is the least security. Equity requires the debtor to pay all his obligations, and the court will credit the payment so as to give the creditor the best security for the debt remaining unpaid. (*Hare* v. *Stegall,* 60 Ill. 380; *Wilhelm* v. *Schmidt,* 84 id. 183; *Plain* v. *Roth,* 107 id. 588.) The law will apply a payment according to its own view of the intrinsic justice and equity of the case. (2 Greenleaf on Evidence, secs. 529, 532.) The rule by which partial payments are generally first credited upon interest is intended to secure payment of the part of the debt which draws no interest before applying money on that part which does bear interest. That rule is to the advantage of the creditor, by extinguishing an obligation which bears no interest in preference to the interest-bearing debt. It could not be applied here for the benefit of a party who, by his appeal, has increased the indebtedness beyond the value of the real estate security, without manifest wrong and injustice to the complainant Meyer. The right of appropriation of a payment by the debtor applies only to voluntary payments, and not to those made under compulsory process of law. In such a case as this there is no question of application by the parties or of their intention, and it is the duty of the court to make the application in accordance with equity and justice, between the parties. It would not be in accordance with natural justice or with the rules which govern courts of equity to allow appellant to delay a sale by his appeal and render the security inadequate to pay the accruing interest, and then, upon a sale, discharge the interest from the proceeds of such security and free him from his obligation.

The application was properly made, and the judgment of the Branch Appellate Court is affirmed.

*Judgment affirmed.*