### OLAF K. MONSON *et al.*

*v.*

### GEORGE MEYER.

*Opinion filed February 21, 1902.*

BONDS—*when finding as to deficiency is binding in suit on an appeal bond.* If a defendant in foreclosure appeals under a bond conditioned for payment of interest on the decree, and the decree is affirmed, a sale had and a final decree entered approving the sale and finding a deficiency of the interest on the foreclosure decree, such finding, after it has been sustained by the final judgment of the Supreme Court, is binding, in a suit upon the appeal bond, as against both the defendant to the foreclosure suit and the surety.

*Monson* v. *Meyer*, 93 Ill. App. 94, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

FRANKLIN L. CHASE, and BANGS, WOOD & BANGS, for appellants.

BORMAN & MCGRATH, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This was an action of debt in the superior court of Cook county on appeal bond executed by the appellants upon an appeal to the Appellate Court for the First District from a decree of foreclosure and sale made and

entered in a suit in equity in said superior court wherein appellee was plaintiff in interest and appellant Monson and others were defendants. Upon the hearing of the appeal from the decree of foreclosure the Appellate Court affirmed that decree. Thereupon a sale of the lands ordered to be sold was had, the proceeds distributed according to the decree, and a report of the sale and distribution made by the master. The superior court then entered a decree approving the report of the master and finding the proceeds of sale were insufficient to pay the amount adjudged to be due appellee, and that the sum of $1399.55 of *interest on said decree* still remained unpaid to him from the defendants Cronkrite and Johnson, who were makers of the notes and trust deed sued on in foreclosure, and ordered that the decree should stand as a judgment against them for that amount, and awarded execution. Suit was then brought upon the appeal bond for this deficit. The declaration contained one count, reciting the bond. The conditions of the bond were, that if said Monson "shall duly prosecute his said appeal with effect, and moreover pay the amount of the costs, and such *interest* as may accrue and remain otherwise unpaid on said decree from the date thereof, in case the said decree shall be affirmed in said Appellate Court," then the obligation to be void, etc. Appellants filed several pleas. Among them, and upon which they rely, were special pleas, one of which was payment by the defendants, on the day of the foreclosure sale, of all interest; another, that all interest due to the day of the foreclosure sale was otherwise paid to appellee, according to the form and condition of the bond; and the further plea that on the day of the foreclosure sale all interest upon the decree was paid to appellee out of the proceeds of the foreclosure sale, according to the form of the bond, etc. The cause was tried by the court without a jury, by stipulation of the parties. On the trial appellants presented to the court several propositions of law, requesting the

court to hold that in case the court should find, from the evidence, that a sum of money greater than the costs, charges and interest was realized from the master and paid to the complainant in the foreclosure suit, such payment extinguished the interest and the finding of the court should be for the defendant,—all of which were by the court refused. Thereupon the court found the issues for the appellee; entered a finding in favor of appellee and against appellants in debt; debt $2500, damages $1388.55; debt to be discharged on payment of damages. Motions for new trial and in arrest of judgment were made by appellants and overruled. The cause was appealed to the Appellate Court for the First District, and the judgment affirmed, and this appeal was prosecuted.

The contention of appellants is, that as a sum greater than the costs and interest accrued was realized by appellee from the sale of the property, the interest accruing on such decree during the pendency of the appeal is to be first paid, before any part of the principal, and that upon such application, in the language of the bond, no interest does then "remain otherwise unpaid," and the condition of the bond is satisfied; that the language used by the court in the deficiency decree in the foreclosure suit, finding that the deficiency was of interest, did not run against all of the present appellants and is not binding upon them. This is the whole contention of appellants. Monson was a party to the foreclosure proceeding, and appellee insists that the deficiency decree was binding upon him and all persons in privity with him, and that as the pleas to the action on the bond were general pleas of all the appellants, (defendants below,) if they were good as to either of the defendants they were good as to both. Appellee further insists that he was entitled to the benefit of his special security for the interest accruing after the appeal in the foreclosure suit, and that if the proceeds of the sale were not sufficient to pay the costs and the principal and interest which had accrued

up to the time of the decree of sale appealed from, and also the interest accruing after the appeal was taken, he was entitled to have those items not covered by the appeal bond first paid, and to avail himself of the benefit of the security of the appeal bond for the deficit to the extent of the interest accruing after the appeal.

Appellant Monson sued out a writ of error from the Appellate Court for the First District to bring in review the proceedings had under the foreclosure decree, and by assignments of error questioned the application of the proceeds of the sale by said decree, and sought to have the deficiency decree modified in so far as it explicitly found that the deficit was for interest, and in that proceeding made the same insistence as to the application of the moneys arising from the sale of the lands as is made in this case. The decree and proceedings of the superior court in that matter were approved and affirmed by the Appellate Court, (92 Ill. App. 127,) and an appeal was then prosecuted to this court and the same grounds urged for reversal that are now chiefly relied upon in the case at bar. On that appeal the judgment of the Appellate Court was affirmed. The case was well and fully considered, and we held that the rule by which partial payments are applied upon interest is for the benefit of the creditor by extinguishing an obligation which bears no interest in preference to the interest-bearing debt, and that it could not be applied for the benefit of a party who by his appeal has increased the indebtedness beyond the value of the real estate security, without manifest wrong and injustice to the holder of the debt; that the right of appropriation of a payment applies only to voluntary payments, and not to those made under compulsory process of law; that where the debt is collected by law it is the duty of the court to make the application in accordance with equity and justice, and we approved and affirmed the decree of the superior court in its application of the proceeds of the sale and in its finding that

the balance remaining due was interest. *Monson* v. *Meyer*, 190 Ill. 105.

The only remaining question is whether the effect of the finding in the decree in the foreclosure proceeding is to bind the makers of the bond in question. Monson, one of the makers, was a party to the decree and the other appellant is his surety, and we regard the rule governing injunction and guardian bonds as analogous to the question at bar. In *McAllister* v. *Clark*, 86 Ill. 236, a suit was brought on an injunction bond, and it was urged that it was error to reject evidence of payments made to the holder of the bond before the assessment of damages on the dissolution of the injunction, and it was insisted that such evidence was admissible on behalf of the surety, who was not a party to the injunction suit. Of that contention we said: "The misfortune to him is, his contract binds him to abide that decree without being a party to it. His undertaking is that he 'will pay all such costs and damages as shall be awarded against the complainant in case the injunction shall be dissolved.' The injunction was dissolved, and on its dissolution the damages here recovered were awarded against the complainant. No appeal was taken from that decree. It stands in full force, and the amount was properly recoverable in a suit on the bond,"—citing *Weaver* v. *Poyer*, 73 Ill. 489. In the case at bar the decree complained of has been affirmed by this court in a judgment that is final, and the decree in that case finds that the deficit was interest, which was one of the particular items that was undertaken to be paid by the conditions of the bond sued on. The suit is not upon the judgment, but upon the bond. The judgment is the highest evidence of the amount due in the proceedings in which the bond was given, and we think is binding alike upon the party and his surety.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*