### APPLICATION OF INVOLUNTARY PAYMENTS.

Circuit Court of Cuyahoga County.

THE DIME SAVINGS & BANKING CO. v. RICHARD O'ROURKE.*

Decided, 1905.

*Application of Payments—Creditor Has Right to Apply Involuntary Payments—Assignment of Securities as General Security Does Not Deprive Creditor of Right of Application.*

1. Creditors have the same right to apply involuntary payments that they have to apply voluntary payments where the debtor makes no designation as to method of application.

2. The mere fact that securities had been assigned to a creditor as "security generally for any indebtedness that might be owing to it," does not mean that any sum realized from those securities must be applied *pro rata* to reduce the various claims but it may apply such sums as it sees fit.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This appeal involves two phases of the doctrine of the application of payments.  The facts are set forth in a stipulation

---

*Affirmed without opinion, *Madigan, Admr.*, v. *Dime Savings & Banking Co.*, 76 Ohio State, 576.

and need not here be rehearsed. The additional evidence adduced (except perhaps certain Illinois decisions) does not, in our opinion, vary the rights of the parties.

As to the Chicago branch of the matter, the application of the proceeds of the sale of such part of the substituted securities as were sold must be determined upon the same principle as if they had been realized by judicial sale of a like portion of the property originally levied on. It may be considered that the judgment debtor in such case could not direct the application of an involuntary payment of this sort. As to the creditor's right of application we see no reason for a distinction between voluntary and involuntary payments. Here the plaintiff must of course apply the payment in reduction of the judgment. But as to the two notes represented by the judgment, the doctrine of merger can not be pressed to deprive plaintiff of the right to apply such payment on the note which is less secured. 2 *Am. & Eng. Enc. of Law,* 459; *Gaston* v. *Barney,* 11 O. S., 506; *Monson* v. *Meyer,* 190 Ill., 105; *Baker* v. *Kinsey,* 41 O. S., 404, 409.

The defendant, not being a party to the judgment in Chicago, is not concerned therewith. As co-surety with the judgment debtor on only one of the two notes, he is not entitled to any voice in determining the application of a payment by the latter, who is surety on both. The plaintiff can pursue the sureties in such order and to such extent as it sees fit, provided it does not relinquish any security of either in which the other is entitled on principles of contribution to participate. To this extent the defendant is, of course, entitled, in respect of any payment that he may make, to be subrogated to the rights of the plaintiff in the Chicago securities.

As to the other branch of the controversy, the stipulation recites that:

"The bills and accounts receivable had been duly assigned to the Dime Savings and Banking Company, as security generally for any indebtedness which might be owing to it by said company, and without any direction as to how the proceeds should be applied."

The defendant now contends that the word "generally" must be construed as a direction to apply the proceeds pro rata to all the items of indebtedness.

Obviously such construction of the stipulation would be self-contradictory. Moreover the fact that a security applies generally to several obligations does not deprive the holder of his right to apply the proceeds of such security to any of them in his discretion. *Northern National Bank* v. *Lewis et al*, 78 Wis., 475.

The plaintiff may take a decree in accordance with this opinion.