The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois v. Peoples Bank and Trust Company of Rockford.

Solem Machine Company, Appellee, v. Eugene Abegg, Receiver of Peoples Bank and Trust Company, Appellant.

Gen. No. 8,607.

42

Opinion filed May 25, 1933.

HALL & DUSHER, for appellant.

HYER & GILL, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The Peoples Bank and Trust Company of Rockford, Illinois, closed its doors for business on June 15, 1931. Soon thereafter the auditor of public accounts appointed Eugene Abegg as receiver for said bank. At the October term of the circuit court of Winnebago county, a suit in chancery was begun for the purpose of liquidating the bank's assets, and a decree was entered in October of that year confirming the appointment of the receiver and providing for the liquidation of the assets of said bank through its receiver.

At the same term of court an action at law in assumpsit was started by the appellee, *Solem Machine Co. v. Peoples Bank and Trust Co.* The amount claimed to be due the plaintiff at that time was $30,000. An order was entered by the court consolidating the assumpsit action and the receiver's suit. Sometime afterward an order was entered in the receiver's suit granting leave to the Solem Machine Co. to file an intervening petition for an allowance of a claim against the receiver. The bill of particulars in the assumpsit suit was allowed to stand as an intervening petition for the allowance of a claim in the receiver's suit. To this intervening petition a demurrer was filed and sustained by the court. The Solem Company then filed an amended intervening petition to which the receiver filed an answer. A hearing was had on said petition and on October 1, 1932, a decree was entered allowing the claim of the Solem Company against the receiver of the bank in the sum of $22,242.94 as a general claim. The court refused to allow the claim as a preferred one, and this appeal is from that decree. Both the complainant and the defendants have assigned error to the allowance of this claim as a general one.

The claim of the Solem Machine Company was based upon two separate groups of bank checks, the proceeds of which were wrongfully converted by one Chester A. Gibson, secretary-treasurer of the Solem Mfg. Company during the years 1928 to 1931 inclusive. Gibson had authority to draw, execute and deliver checks upon the account of the Solem Company, and to execute for and on behalf of the company promissory notes, etc. During all of the period in question the Third National Bank of Rockford, Illinois, was the depository for the Solem Machine Company, but at no time had it carried an account, or done any business with the Peoples Bank and Trust Company, of Rockford, where Gibson carried his own personal account. In the latter part of April, 1931, certain shortages were discovered in the accounts of Gibson, and after a complete audit completed in September, 1931, the shortage was ascertained to be in the neighborhood of $35,000. The claim of the Solem Machine Company was based upon these two groups of checks which were wrongfully converted by Gibson. The first group consisted of nine separate checks issued from November 1, 1928 to October 25, 1929, to an aggregate sum of $20,215.75. These checks belonged to the Solem Machine Company being payable to the order of said bank and signed in the name of the Solem Machine Company by said Gibson and drawn on the Third National Bank of Rockford, Illinois. The second group consisted of 13 checks aggregating a sum of $2,027.19, drawn by different customers of the Solem Company and payable to the order of the Solem Company and indorsed in the name of said company by Gibson as secretary. All of these checks were presented by Gibson to the Peoples Bank and Trust Company, and he was immediately given credit in his individual account with the said bank, and the Peoples Bank and Trust Company collected all of these checks

from the Third National Bank in due course. The proceeds of all of these checks were used for the individual use and benefit of Gibson. The aggregate of the amounts collected and deposited to the credit of Gibson was $22,242.94.

From the time that Gibson deposited the first of these checks up to the time of the closing of the Peoples Bank and Trust Company, the bank had cash on hand and due from other banks more than sufficient cash to discharge and pay all these checks in question.

On May 29, 1931, which was the time that the audit of his accounts was being made, Gibson gave his demand note to the Solem Machine Company in the sum of $25,000, payable to the order of the Solem Machine Company with interest at six per cent and deposited with said note as collateral security a large amount of stocks, bonds and notes. This collateral security included 141 shares of the capital stock of the Solem Machine Company, which has a par value of $10 per share. It did not include a life insurance policy in the Prudential Life Insurance Company on the life of Gibson. This policy had lapsed, but with the consent of Gibson it was reinstated, and the Solem Machine Company was made beneficiary under said policy. Gibson died and in October, 1931, the Solem Machine Company collected the sum of $10,000 upon said policy. The collateral was delivered to the Solem Machine Company on May 12, 1931, and the note was dated May 28, 1931. No charge was ever made on the books of the Solem Machine Company against Gibson for the amount of the shortage.

In addition to the conversion of the funds represented by the checks in this case, Gibson had also drawn about $10,000 from the Third National Bank of Rockford. This item of $10,000 is not involved in this claim.

It appears from the evidence that the $25,000 note was taken as an evidence of indebtedness, but was subject to adjustment on the complete audit of Gibson's account. The president of the Solem Machine Company testified that the note was given to cover a shortage of money that Gibson had taken unlawfully from the Third National Bank; that at the time the note was given that shortage was undetermined in amount; that at that time the Solem Machine Company knew nothing about the Peoples Bank and Trust Company transaction, and that the taking of the note in question had nothing to do with that shortage and the Peoples Bank and Trust Company upon which this claim is predicated. It will be observed that the Solem Machine Company had never carried an account with the Peoples Bank and Trust Company and that all of these checks showed on their face that they were the property of the Solem Machine Company. Where a bank upon accepting a check drawn to its order by one who is not indebted to it and with whom it has no account, credits the proceeds thereof to the account of the person presenting it without taking any precaution to determine the authority of the person receiving the same, it will be liable to the maker for failure to hold the proceeds of the instrument subject to the order of the maker, and under such circumstances the bank would not be holder in due course of law. *Milano v. Sheridan Trust & Savings Bank,* 242 Ill. App. 362; *Paine v. Sheridan Trust & Savings Bank,* 342 Ill. 342, aff'g 255 Ill. App. 250.

It is the contention of the appellant that the actions of Gibson were ratified, and that by the taking of the note and security from Gibson the tort of the thing was satisfied or extinguished, and that the Solem Machine Company is now estopped as against the receiver to deny the authority of Gibson to make the deposit. It will be observed that the testimony is undisputed that

the note given by Gibson to the appellee was made before the audit was complete and before any knowledge was gained of the checks being cashed by Gibson at the appellant bank. From an examination of the whole record, we think none of these claims can be sustained, and that the court properly found that the bank owed the appellee company this money.

The appellee assigns cross errors in contending that the trial court was in error in refusing to allow its claim as a preferred claim, and this court, on appeal, should enter judgment thereon, or remand the case to the circuit court of Winnebago county with instruction to allow said claim as a preferred one. We find no authority that sustains this contention, and we are of the opinion that the trial court properly found and allowed this to be a general claim.

One of the reasons assigned by the appellant why the decree should be reversed is that the receiver should be given credit for $11,410, which is the amount of the insurance policy collected by the Solem Machine Company and the face value of the stock of said company that was put up as collateral security for the payment of the $25,000 note. The evidence shows conclusively that this collateral was given for the payment of an unknown indebtedness, which on investigation was found to be $10,000 from the Third National Bank, and the Solem Machine Company would have the right to apply this amount on that indebtedness. *Monson v. Meyer,* 190 Ill. 105. However, this leaves a balance of $1,140 worth of property in the Solem Machine Company's possession that should be applied somewhere, this being the par value of the stock turned over by Gibson, and inasmuch as the Solem Machine Company has $1,140 worth of property or money in equity belonging to Gibson, this amount should be applied against the claim found to be due from the appellant to appellee, leaving the net amount to be allowed of $21,102.94.

It is, therefore, ordered that the allowance of said claim as a general claim be sustained. But the case is hereby reversed and remanded to the circuit court of Winnebago county to allow the said claim as a general one the sum of $21,102.94, and the costs of this suit be assessed against the appellant.

*Reversed and remanded with directions.*