The People of the State of Illinois ex rel. Oscar Nelson, Auditor of the Public Accounts of the State of Illinois, v. Peoples Loan and Trust Company.
Henry C. Warner, Appellant, v. William L. O'Connell, as Receiver of Peoples Loan and Trust Company, Appellee.

Gen. No. 8,968.

Opinion filed May 15, 1936.

CUTTING, MOORE & SIDLEY, of Chicago, for appellant; JAMES F. OATES, JR., and HOWARD NEITZERT, both of Chicago, of counsel.

WELSH & WELSH and JOHN B. HAYES, all of Rochelle, for appellee; C. K. WELSH, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

In November, 1927, George D. Whitcomb Company, a corporation, opened an account with the Peoples Loan and Trust Company, a corporation of Rochelle, Illinois. Before the account was opened with the bank the following resolution was adopted on November 25, 1927: "At a meeting of the Board of Directors of the George D. Whitcomb Company, held at the offices of the corporation, Corner of Second Street and Fifth Avenue, Rochelle, Ill., on the 25th day of November, 1927, at which meeting a quorum of said Directors was present, it was on motion unanimously:

"Resolved, That an account be carried with the Peoples Loan & Trust Company of Rochelle, Ill., in the name of this corporation; and

"Resolved, further, that the Peoples Loan & Trust Company of Rochelle, Ill., is hereby authorized to honor checks and other orders of any character whatsoever for the payment of funds, signed in the name of this corporation by any one of the three of the following officers or employees of this corporation:

| President | Treasurer | Secretary |
|---|---|---|
| W. C. Whitcomb | Carl Heim | Arthur T. Guest |

"Resolved, further, that said The Peoples Loan & Trust Company of Rochelle, Ill., is hereby authorized and directed to honor and pay any checks or any such other orders so drawn when so signed, whether such checks or any such other orders be payable to the order of the person or persons (if more than one) so authorized to sign checks, or any such other orders, in his or either of their (if more than one) individual capacity or not, and whether such checks

or any such other orders are deposited to his or their (if more than one) individual credit or not; and

"Resolved, further, that any one of the following officers or employees of this corporation:

"W. C. Whitcomb, President; Carl Heim, Treasurer, Arthur T. Guest, Secretary, are authorized from time to time to borrow money in the name of this corporation from the Peoples Loan & Trust Company of Rochelle, Ill., and to give the notes or other obligations of any kind whatsoever of this corporation therefor in such amounts and for such period of time and rates of interest and discount as they may see fit, and of any character whatsoever of this corporation as security for money borrowed and/or obligations now or hereafter incurred to said Bank, and to discount with said Bank receivables of this corporation, and any one of such persons acting individually is authorized from time to time to withdraw, receipt for, and/or execute individually and deliver trust receipts for savings deposits, securities, or other property of any kind whatsoever purchased from, left with, or held by said Bank for safe keeping, or as collateral security, or for delivery and/or collection, and said Bank is hereby expressly authorized to deliver to any of the persons designated in this paragraph any such savings deposits, securities or other property of any kind whatsoever upon a receipt or trust receipt executed by any of such persons in his individual name and without affixing the name of the company to such receipt or trust receipt.

"Be it further Resolved, that said the Peoples Loan & Trust Company of Rochelle, Ill., is authorized to accept as the endorsement of this corporation on any checks, drafts, or bills, or any other orders of any character whatsoever for the payment of money, made payable to, or to the order of this corporation, or

otherwise, whether such endorsement be for deposit or for the purpose of having the same cashed and securing the proceeds thereof, or for any other purpose, an endorsement made in the manner hereinabove authorized for the signing or drawing of checks; provided, however, that for the purpose of deposit said bank may accept an endorsement made by any person affixing an endorsing stamp thereon in the name of this corporation, with or without stating the name or title of an official of this corporation; and

"Be it further Resolved, that the foregoing resolutions and powers therein contained shall be binding upon this corporation and said Bank until written notice of any change or changes therein shall have been given to the President, a Vice-President, Cashier or an Assistant Cashier of said Bank.

"I, Arthur T. Guest, hereby certify that I am the Secretary of the George D. Whitcomb Company, a corporation organized under the laws of Illinois, and as such Secretary, I certify to The Peoples Loan & Trust Company of Rochelle, Ill., that I have custody and control of the corporate records of said corporation; and that the foregoing is a true copy of a resolution duly adopted by the unanimous vote of all of the directors present at a meeting of the directors of said corporation duly convened and held according to law and to the by-laws of said corporation, at which meeting a majority and a quorum of the directors was present, all as taken from and compared with the minutes of said meeting. I further certify that said resolution has not been repealed or amended.

"I further certify that the following have been duly elected to the offices and/or appointed to the positions set opposite their respective names; that they continue to hold these offices and/or positions at the present

time; and that such facts are shown by said corporate records:

W. C. Whitcomb,     President.

Carl Heim,     Treasurer.

Arthur T. Guest,     Secretary.

"In witness whereof, I have hereunto set my hand as Secretary and affixed the corporation seal of said corporation this 25th day of November, 1927.

(Signed) Arthur T. Guest,
Secretary.

(Signed) Carl Heim,
    Director."

Carl Heim mentioned in the aforesaid resolution was treasurer of the George D. Whitcomb Company. Heim was also a customer of the Peoples Loan & Trust Company of Rochelle, Illinois, and carried an individual account in that bank. In October, 1929, and prior thereto, Heim was speculating on the stock exchange and maintained the marginal and speculative account with Babcock Rushton & Company of Chicago. On Thursday, October 24, 1929, the Babcock Rushton & Company called upon Heim for $25,000, to protect his account with their firm. At this time Heim had on deposit in his personal account with the Peoples Loan & Trust Company $44.24. On that day he wrote a check on the Peoples Loan & Trust Company for $25,000, payable to the order of Babcock Rushton & Company, which was received by them on October 25, 1929. They duly indorsed this check and deposited it with the Continental Illinois National Bank and Trust Company of Chicago and in due course of business it arrived at the Peoples Loan & Trust Company on Saturday Morning, October 26, 1929. The bank did not protest his check, but held it and tried to get into communication with Mr. Heim. Mr. Heim was out of the city and someone at the Whitcomb Company

told them that he would be back Monday and this over-draft would be cared for.

On October 28, 1929, which was the following Monday morning after the bank had received the $25,000 check drawn by Heim on the Peoples Loan & Trust Company, the bank received a check drawn on First National Bank & Trust Company of Chicago and made payable to the Peoples Loan & Trust Company of Rochelle, for $25,000. This check was drawn by the George D. Whitcomb Company and signed by Heim as one of its officers. Accompanying this check was a deposit slip prepared by Heim in which it directed that this $25,000, be placed to the credit of Heim in his personal account. Mr. James C. Fesler, the president of the bank, called the First National Bank of Chicago and ascertained that this check for $25,000 would be honored by them when presented for payment, and without making any further inquiry in regard to the validity of this transaction, Heim's personal account was credited with the proceeds of the Whitcomb Company check of $25,000, and Heim's check to Babcock Rushton Company for $25,000 was paid. Later on, the Whitcomb Company learned that Heim had embezzled a large amount of their funds. In February, 1931, the Whitcomb Company demanded payment of the bank of this $25,000, but the bank refused to refund the money. On March 5, 1931, the Whitcomb Company had taken advantage of the bankruptcy law and Henry C. Warner was duly appointed trustee to liquidate the affairs of the defunct corporation.

On March 15, 1932, the Peoples Loan & Trust Company of Rochelle was found to be insolvent and Mr. William L. O'Connell was appointed receiver of the bank to liquidate the same. Suit was started in the circuit court of Ogle county for this purpose, and Henry C. Warner, as trustee of the defunct Whitcomb

Company, filed his claim against the bank for $25,000. The judge of the circuit court of Ogle county referred this claim to a special master in chancery to take proof and report his conclusions of fact and law. The master reported back to the court and recommended that the claim be disallowed. Exceptions to this report were argued, and overruled by the court. An order was entered sustaining the master's findings, and disallowing the claim.

The appellant in his brief says, "The pertinent facts in this case are not contraverted. The main issue is whether or not the Bank, by the resolution of the company in November 1927, was authorized to handle the Company's check signed by Carl Heim, as it did." The appellant in its reply brief admits that this is the vital question in the case.

The same question was presented to this court in the case of *People ex rel. Nelson v. Peoples Bank & Trust Co.*, 271 Ill. App. 41, in which this court said: "Where a bank upon accepting a check drawn to its order by one who is not indebted to it and with whom it has no account, credits the proceeds thereof to the account of the person presenting it without taking any precaution to determine the authority of the person receiving the same, it will be liable to the maker for failure to hold the proceeds of the instrument subject to the order of the maker, and under such circumstances the bank would not be a holder in due course of law. *Milano v. Sheridan Trust & Savings Bank*, 242 Ill. App. 362; *Paine v. Sheridan Trust & Savings Bank*, 255 Ill. App. 250, aff'd 342 Ill. 342." Both parties to this litigation agree that this is the general rule, but the appellee contends that it was not necessary for the bank to make further inquiries than the resolution which they had on file from the Whitcomb Company, authorizing the officers of his company to execute and cash checks. It was just as

seriously insisted by the appellant that this resolution is not broad enough to authorize the payment of a check made payable to the bank to be deposited of the account of Heim, an officer of the corporation.

The appellee has cited and discussed the case of *Paine v. Sheridan Trust & Savings Bank,* 255 Ill. App. 250. We have carefully examined this opinion and find nothing therein stated which helps in the construction of the resolution that we are now considering. The other case cited is *Napoleon Hill Cotton Co. v. Franklin Bank* (Mo. App.), 236 S. W. 910. An examination of the facts in this case discloses that there is a material difference from the one we are now considering. In the Missouri case the checks were not made payable to the bank but to the officer drawing the check who then cashed it and deposited the proceeds thereof to his individual account. The statement in the opinion is as follows: ''This certificate recited that Upshaw was the treasurer, and authorized to receive and give receipts for all moneys due plaintiff, 'to draw checks against the deposits of the company to his own order or to bearer, as well as to the order of third persons, to sign and indorse notes for the company, as shown by the above extract from its books.' '' Upshaw, mentioned in this certificate, is the party who cashed the checks in question.

At the time the Brokerage Company presented Heim's check for $25,000 to the Peoples Loan & Trust Company for payment, the bank knew that Heim had only a small balance in his account and that the Whitcomb Company was not indebted to it. Heim presented the Whitcomb Company's check drawn on the Chicago Bank, made payable to the Peoples Loan & Trust Company, and requested that the company's check made payable to the bank should be credited to his individual account. Considering all the circumstances concerning the transactions, it is our conclu-

sion that the officers of the bank should have made inquiry from the Whitcomb Company as to whether this was a legitimate transaction. It is further our conclusion that the resolution in question is not broad enough to authorize the bank to deposit the check which was drawn in its favor to the individual account of Heim.

It is our opinion that the circuit court erred in disallowing the claim of the trustee in bankruptcy, and the case is hereby reversed and remanded to the circuit court of Ogle county with directions to enter an order allowing the claim.

*Reversed and remanded with directions.*