JACOB GLOS

*v.*

IDA M. HALLOWELL.

*Opinion filed April 18, 1901.*

1. APPEALS AND ERRORS—*failure of appellee to file brief is ground for reversal.* Failure of the appellee to file a brief in the Supreme Court is of itself ground for reversal.

2. EVIDENCE—*when admission of abstract of title is error.* On the hearing before the examiner, in an application for initial registration of title, it is error to permit the petitioner, over specific objection, to introduce in evidence an abstract of title showing the record of conveyances which were indispensable links in petitioner's chain of title, without requiring any preliminary proof which might render the abstract admissible as secondary evidence.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

ENOCH J. PRICE, for appellant.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a decree entered in the circuit court of Cook county, granting the prayer of the application of the appellee for the initial registration of her

title to lot No. 39, in block 2, in Miller's Irving Park addition to the city of Chicago, under the provisions of the act entitled "An act concerning land titles," approved and in force May 1, 1897. (Hurd's Stat. 1899, chap. 30, par. 44.) The appellant was made defendant to the application and made answer thereto.

No brief has been filed in behalf of the appellee in this court.

It appears from the record that the examiner to whom the cause was referred by the court, over special objections made by the appellant, allowed appellee to introduce in evidence certain abstracts of title purporting to show abstracts of the record of a number of conveyances of and for said lot, without requiring any preliminary proof that the original deeds so purporting to be shown by the abstract had been lost or destroyed by fire or otherwise, or that it was not in the power of the appellee to produce them, or that the abstract of title had been made in the ordinary course of business, etc., or in any manner complying with the requirements of either section 23 or 24 of chapter 116, (3 Starr & Cur. Stat. 1896, p. 3360,) or with the provisions of section 36 of chapter 30, entitled "Conveyances." (1 Starr & Cur. Stat. 1896, p. 955.) The originals of the deeds mentioned in the abstract were not produced or their absence in any manner accounted for. The conveyances thus purported to be established by abstracts of title were indispensable links in the chain of the title claimed by the appellee. The examiner of titles reported findings favorable to the applicant, the appellee. Appellant's objections were renewed in the circuit court but were overruled, and a decree was entered declaring title to be established in appellee and directing such title to be registered. Compliance with the provisions of the statute is essential to the admissibility of secondary evidence of deeds. (*Chicago and Alton Railroad Co.* v. *Keegan,* 152 Ill. 413; *Scott* v. *Bassett,* 186 id.

98.)   It was therefore error to receive the abstracts of title in evidence over the objection of the appellant.

The decree must be and is reversed, and the cause is remanded for such further proceedings as to law and justice shall appertain.   *Reversed and remanded.*