JACOB GLOS

*v.*

WILLIAM HOBAN.

</div>

<div align="center">*Opinion filed October 24, 1904.*</div>

1. PRACTICE—*objections to master's rulings should be renewed as exceptions.* Objections to the master's rulings on evidence should be made before his report is returned, and if not acted upon favorably by the master should be renewed as exceptions to the report before the chancellor.

2. REGISTRATION OF TITLES—*objections, to be preserved, should be made to report of examiner of titles.* In a proceeding for registration of title the same rules apply to the mode of preserving for review objections to the report of the examiner of titles as are applicable to objections to the report of the master in chancery.

3. SAME—*objection to report of examiner is in nature of a special demurrer.* An objection to the report of the examiner of titles is in the nature of a special demurrer, and it must point out the grounds of the objection with clearness and certainty.

4. SAME—*what does not preserve question of sufficiency of preliminary proof.* An objection that the examiner erred in finding

that the applicant for initial registration of title was seized of a title in fee is not sufficiently specific to preserve the question as to the sufficiency of the preliminary proof for the admission of abstracts of title in evidence.

5. SAME—*applicant is not required to show invalidity of the defendant's claims.* If an applicant for initial registration of title establishes title in himself, he is not required to affirmatively show the invalidity of defendant's claims of title.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

JOHN J. SWENIE, and T. F. MONAHAN, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is a writ of error to reverse a decree entered in a proceeding in the circuit court of Cook county declaring the defendant in error, William Hoban, to be the owner in fee of lots Nos. 21 to 25, inclusive, in block 1, Noonan's subdivision of the east half of the north half of the south-west quarter of the south-east quarter of section 3, town 39, north, range 13, east of the third principal meridian; that a tax deed thereto held by the plaintiff in error is null and void, and ordering that such title in fee be registered in said defendant in error on condition that he make payment of a designated sum to the plaintiff in error for taxes, etc., disbursed in procuring the tax deed, and interest thereon.

The complaint that the examiner of titles received in evidence certain abstracts of title without the requisite proof that the original deeds purporting to be shown by the abstract had been lost and the records thereof had been destroyed by fire, or that it was not in the power of the defendant in error to produce the original deeds, or that the abstracts of title had been made in the ordinary

course of business, etc., as required by sections 23 and 24 of chapter 116, (3 Starr & Cur. Stat. 1896, p. 3360,) cannot be investigated in this court, for the reason this ground of complaint was not specifically made in the objections filed to the report of the examiner of titles and in the exceptions to such report filed in the circuit court. The same rules apply with reference to the mode of preserving for review the rulings as to objections and exceptions presented to the report of the examiner as are applicable to the review of objections and exceptions to the reports of masters in chancery. *Gage* v. *Consumers' Electric Light Co.* 194 Ill. 30.

All authorities agree that in order to save the question of the admissibility of evidence for review it is requisite that the objection thereto shall be made before the master, but there seems to be some contrariety of opinion as to the necessity of incorporating the complaint into the objections filed before the master to his report and of renewing the complaint in the exceptions filed to the report before the chancellor. The rule in this jurisdiction is very clearly stated in *Hurd* v. *Goodrich*, 59 Ill. 450. We there said (p. 455): "Consistently with the convenience of courts of equity in this respect, their mode of procedure requires the party who may desire to have the court revise the rulings of the master as to the admission or rejection of evidence or the principle upon which an account is stated, to file objections to the master's report before it is returned into court, pointing out the grounds with reasonable certainty; then, if the master still adheres to his rulings and report and returns it into court, the party objecting may then file his exceptions to the report, corresponding with the objections made before the master, upon the hearing of which, the whole or such part of the evidence as may be material will be brought forward and be subject to review by the court." This statement of the rule was quoted with approval in

*Prince* v. *Cutler*, 69 Ill. 267. And in *Cheltenham Improvement Co.* v. *Whitehead*, 128 Ill. 279, we said (p. 284): "If, in the opinion of the plaintiff in error, the evidence offered before the master was incompetent or insufficient to establish the claim, he was required to file exceptions before the master, and if overruled there, renew the exceptions in the circuit court." In *Gehrke* v. *Gehrke*, 190 Ill. 166, it was said (p. 175): "If, in the opinion of the appellant, the evidence offered before the master in regard to these items was incompetent or insufficient to establish them, she was required to file objections before the master, and if overruled, to renew such objections as exceptions in the trial court." In foot note 1 on page 285 of 8 Ency. of Pl. & Pr. it is said: "According to the weight of authority, exceptions to the rulings of a master or referee on evidence should be taken at the time they are made, and are not available on appeal unless renewed before the trial court when it passes on the report."

The objections filed to the report of the examiner of titles in the case at bar, which also stood as exceptions to the report in the circuit court, did not complain, either generally or specifically, that the examiner received the abstracts in evidence without sufficient preliminary foundation to justify such reception. It was objected that the examiner erred in finding that the defendant in error was seized of the title in fee to the lots, and plaintiff in error insists that this objection includes the objection that the abstracts were received without the requisite preliminary proof. The objection referred to would direct the attention of the court to the question whether the evidence received and considered by the examiner was sufficient to establish the finding that the title in fee was in the applicant, but was not sufficiently definite to raise the question whether the examiner erred in holding the preliminary proof offered for the purpose was sufficient to authorize the reception in evidence of

the abstracts. An objection to the examiner's report is in the nature of a special demurrer, and must point out the grounds of objection with such clearness and certainty as to call the attention of the court to the particular alleged error which it is desired to have reviewed.

The insistence of the plaintiff in error that it was incumbent on the defendant in error to affirmatively establish the invalidity of his (plaintiff in error's) tax deed is not well taken. In a bill in chancery to remove a tax deed as a cloud on the title of the complainant the invalidity of the tax deed must be averred and proved. But this was an application, under the statute, for the registration of the title of the defendant in error, and as explained in *Glos* v. *Kingman & Co.* 207 Ill. 26, the applicant is not required to establish the invalidity of opposing claims to the title. In the case cited we said (p. 31): "If the applicant in a proceeding, under the statute, for the registration of his title, produces evidence establishing title in him, then those who have been brought in, under the application, as holders of claims to the title may be required to produce proof to establish the validity of their claims to the title or to a lien on the title, as the case may be." It is not contended in this court that the proof which was received and considered by the examiner was insufficient to justify the finding that the title to the fee in the lots was in the defendant in error, and in such state of case it devolved on the plaintiff in error to produce the proof necessary to establish the validity of his tax deed.

The decree must be and is affirmed.

*Decree affirmed.*