JACOB GLOS *et al.*

*v.*

HARVEY H. TALCOTT *et al.*

*Opinion filed December 22, 1904.*

1. REGISTRATION OF TITLE—*admitting alleged abstracts of title without preliminary proof is error.* Admitting alleged abstracts of title in evidence, over the defendant's objection, without preliminary proof that the original deeds were lost or destroyed or beyond the power of the party to produce them, or that the abstracts were made in the ordinary course of business, is error.

2. SAME—*applicant not required to prove invalidity of tax deed.* It is not incumbent upon the applicant for registration of title to affirmatively establish the invalidity of tax deeds held by the parties made defendants to the proceeding.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

On September 9, 1901, the defendant in error Harvey H. Talcott filed his application to register the title to a certain lot located in the city of Chicago, under the provisions of the "Act concerning land titles," alleging that he was the owner in fee and in possession by a tenant, and that the plaintiff in error Jacob Glos had some interest therein under two alleged tax deeds. Subsequently Emma J. Glos was made a defendant. The defendants, Jacob Glos and Emma J. Glos, filed answers admitting, as alleged, that they claimed title under two tax deeds, and neither admitting nor denying the other allegations contained in the application. The examiner found the title to said lot to be in the defendant in error Talcott in fee, returned the evidence with his report and recommended that the tax deeds held by Jacob Glos be set aside on the payment to him of $26.84, and that the title to said premises be registered in fee simple in the name of Harvey H. Talcott. Objections and exceptions were overruled to the examiner's report and a decree was entered in accordance with his rec-

ommendations, and this writ of error has been sued out to review said decree.

JACOB GLOS, *pro se,* (JOHN R. O'CONNOR, of counsel.)

Mr. JUSTICE HAND delivered the opinion of the court:

The only evidence offered by the applicant in support of his claim of title was a master's deed of the premises in question to him, dated August 22, 1899, and proof that he was in possession of the premises by a tenant, and certain printed abstracts of title purporting to show abstracts of the record of a number of conveyances of said lot. Said abstracts of title were admitted in evidence by the examiner over the objection of plaintiffs in error, without preliminary proof that the original deeds which appeared in the alleged abstracts were lost or destroyed by fire or otherwise, or that it was not in the power of the defendants in error to produce them, or that the abstracts of title had been made in the ordinary course of business,—in other words, without requiring a compliance with the requirements of either section 23 or 24 of chapter 116 or of section 36 of chapter 30 of the Revised Statutes. The objections of the plaintiffs in error to the admission of said abstracts of title in evidence were properly preserved by the plaintiffs in error by objections and exceptions to the examiner's report, which were overruled. The admission of said abstracts of title in evidence without a proper foundation for their admission having been laid, under the authority of *Glos* v. *Hallowell,* 190 Ill. 65, and *Glos* v. *Cessna,* 207 id. 69, constituted reversible error.

The contention of plaintiffs in error that it was incumbent on the defendants in error to affirmatively establish the invalidity of plaintiffs in error's tax deeds is not well taken. *Glos* v. *Hoban,* 212 Ill. 222.

The decree of the circuit court of Cook county will be reversed and the cause remanded.

*Reversed and remanded.*