## R. Haas Electric & Manufacturing Company et al., Defendants in Error, v. Springfield Amusement Park Company et al., Plaintiffs in Error.

1. MECHANIC'S LIENS—*when error in allowing specific items cured.* A general credit conceded by the petitioner, sufficiently large to cover improper allowances made by the court, will be applied by a court of chancery in extinguishment of such improper allowances and operates to cure the error in originally making the same.

2. MASTERS IN CHANCERY—*when report conclusive.* The report of a master in chancery is conclusive upon the parties as to all questions covered by it but not excepted to.

Bill in chancery. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1907. Decree modified and affirmed. Opinion filed April 21, 1908.

SHUTT, GRAHAM & GRAHAM and ALBERT SALZENSTEIN, for plaintiffs in error.

WILLIAM A. NORTHCOTT, ALONZO HOFF, WALTER A. ORR and BARBER & BARBER, for defendants in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This was a bill in chancery filed by the defendant in error, The R. Haas Electric & Manufacturing Company, hereinafter called Electric Company, against plaintiffs in error, the Springfield Amusement Park Company, hereinafter called Park Company, Thomas D. Hogan, F. Reisch and Brothers, and certain other parties, and defendant in error, Peter Vredenburgh Lumber Company, hereinafter called Lumber Company, to enforce a mechanic's lien.

The bill alleges that the Electric Company entered into a written contract with the Park Company on March 2, 1900, to furnish all labor and materials for electric wiring, motors, accessories, plumbing, piping, etc., to be used in the building and in said Park Company's White City plant, known as Reisch's Park, at regular retail prices, and that in consideration of the contract, the Electric Company subscribed $1,000 of the capital stock of the Park Company, said subscription to be paid for by material and labor furnished by the Electric Company; that the Electric Company commenced work under said contract upon the premises described in the bill and furnished all the labor and materials and complied in all respects with the contract and that there was due it under said contract the sum of $4,297.36, together with interest at 5 per cent. from July 5, 1906, as shown in detail in a schedule attached to the bill; that the Park Company failed to pay said money and complainant is therefore entitled to a lien on the premises; that the other defendants therein have or claimed some interest in the premises, which, however, is subject to the lien of complainant and that all of the defendants knowingly permitted said Park Company to contract, receive and obtain the said materials and labor, and the same are valuable and permanent improvements on the premises. The defendant in error, Lumber Company, answered the bill, neither admitting nor denying any of its allegations but de-

600 APPELLATE COURTS OF ILLINOIS.

R. Haas Elec. & Mfg. Co. v. Springfield Amuse. Pk Co., 142 App. 598.

manding strict proof of the same and alleging that it had a lien on the same premises under a contract with the Park Company made April 31, 1906, whereby it subscribed for $1,000 of the captital stock of said Park Company and in consideration thereof said Park Company agreed to buy and order from it all the lumber and building materials for the construction of all buildings, booths, stands and other improvements which were to be constructed by said Park Company upon the premises described in the bill, to be paid for at such prices as the same were reasonably worth; that the Lumber Company was to pay said stock subscription by giving said Park Company a credit of $1,000 in part payment for said lumber and materials, and that all said lumber and material was to be paid for upon the completion of the delivery thereof upon said premises; that in pursuance of said contract it furnished and delivered to said Park Company, upon said premises, a large quantity of lumber and other materials for use in the construction of buildings, booths, stands and improvements made by said Park Company, an itemized schedule of which is thereto attached; that all of said improvements were authorized and knowingly permitted to be erected upon said premises by Thomas D. Hogan, the owner of said premises, and all other parties interested therein; that final delivery of lumber and materials was made July 20, 1906, and that there was due to said Lumber Company therefor, after allowing credit for the said stock subscription and all other credits, the sum of $5,926.19. After answer and replication filed the cause was referred to the master in chancery to take and report the proofs therein, together with his conclusions. The master filed his report, wherein he found that the Electric Company and the Lumber Company were each entitled to a lien upon the premises involved; that there was due to the Electric Company $4,297.36 with interest from July 5, 1906, amounting to $4,461.50 and to the Lumber Company $4,111.73; also that the Electric Company was entitled to $160

and the Lumber Company to $125 as solicitor's fees, to be taxed as costs.

Objections filed to such report were overruled by the master and the cause was heard by the chancellor upon such objections standing as exceptions. Upon such hearing the exceptions were overruled by the chancellor and a decree entered in substantial conformity with the recommendations of the master.

On October 29, 1903, the plaintiff in error Hogan, the owner of the premises against which liens are sought to be enforced, executed a written lease of the same for saloon and park purposes to plaintiffs in error, F. Reisch and Brothers, for the term of five years from November 1, 1903, with the privilege of five years additional, and on April 1, 1906, F. Reisch & Brothers, with the consent of Hogan, sublet the said premises to plaintiff in error, Park Company. By his written consent to said subletting, Hogan agreed that the Park Company should have the right to make improvements on the leased premises, provided that all improvements, alterations and additions made by said Park Company should remain on the premises at the expiration of the lease for the benefit of Hogan.

It is first contended on behalf of plaintiffs in error that the evidence in the record does not warrant a finding that defendants in error are entitled to a lien on the premises as against the interests therein of Hogan and F. Reisch and Brothers. Section 1 of the act relating to mechanic's liens in force July 1, 1903, provides, that any person who shall by any contract or contracts, expressed or implied, or partly expressed or partly implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same, furnish material and labor in making such improvement, shall have a lien upon such lot or tract of land, and that such lien shall extend to an estate in fee, for life, for years or any other estate. The evidence discloses beyond controversy

602 APPELLATE COURTS OF ILLINOIS.

R. Haas Elec. & Mfg. Co. v. Springfield Amuse. Pk Co., 142 App. 598.

that the improvements made upon the premises by the labor and materials furnished by the Electric Company, and the lumber and materials furnished by the Lumber Company, were all of the character necessarily contemplated by the parties in the agreement subletting said premises by F. Reisch and Brothers to the Park Company, to which agreement Hogan gave his written consent, and that a major part of the improvements so made upon said premises were permanent and substantial improvements for which liens were enforceable. Furthermore, the evidence discloses that plaintiff in error Hogan was personally present on the premises while the materials were being furnished and the labor was being performed, and that he had full knowledge of the making of the various improvements.

It is next insisted that the decree is erroneous in that it awards to the Electric Company interest upon the $1,000 which it subscribed to the capital stock of the Park Company, and which amount was to be credited upon its bill for materials and labor. This insistence arises, we think, from a misapprehension of the terms of the decree. At the time the decree was entered the amount of its subscription to the capital stock of the Park Company had not been credited by the Electric Company upon its claim, presumably because no certificate of stock had been delivered to it, and the decree adjudged the amount due from the Park Company to the Electric Company to be $4,461.50, with interest thereon from the date of the decree, but the decree further provides that $1,000 of the amount so adjudged to be due, with interest on said $1,000 from July 5, 1906, to the date of the decree, might be paid by the Park Company to the Electric Company in $1,000 of the capital stock of said Park Company, and which $1,000 of capital stock should be applied as a credit upon $1,000 of the claim with interest thereon from July 5, 1906. In other words, we interpret the decree as authorizing the Park Company to offset $1,000 of its capital stock against $1,000 of the amount of the

claim together with interest thereon from July 5, 1906. This allows a credit to the Park Company of $1,000 as of the date of July 5, 1906, and consequently no interest is to be computed thereon. ·

It is also urged that many of the charges made both by the Electric Company and the Park Company in their claims for labor performed and materials furnished are not of a character for which the statute authorizes a lien. So far as this objection relates to charges made by the Electric Company our attention is directed to certain charges for street car tickets, meals for superintendent and electricians, electric motors, sulphuric acid carboys, reflectors, light clusters, lamps, poles, pole tops and stringing wires, aggregating about $550 in amount, for which that company was not entitled to a lien, and it is practically conceded by it that some of the charges are subject to the objection made. Before the decree was entered a general credit of $158.16 had been allowed to the Park Company by the Electric Company upon its claim, and since the decree was entered it is admitted by counsel for the Electric Company that the Park Company has paid to it, to be applied as general credits upon its indebtedness, the sum of $2,500 as follows: June 26, 1907, cash $500; July 9, 1907, cash $500; July 9, 1907, 20 shares of capital stock, as per contract, $1,000; and August 30, 1907, cash $500. These various general credits aggregate in amount considerably more than the aggregate of the charges for which the Electric Company could not properly claim a lien, and in conformity with a well-established rule in equity the court will apply such general credits so as to give the Electric Company the best security for the debt remaining unpaid. Monson v. Meyer, 190 Ill. 105; Barbee v. Morris, 221 Ill. 382. Applying this rule to the application of the general credits upon the claim of the Electric Company, it is clear that that company is entitled to enforce a lien for the whole amount now remaining due and unpaid to it.

604    APPELLATE COURTS OF ILLINOIS.

R. Haas Elec. & Mfg. Co. v. Springfield Amuse. Pk Co., 142 App. 598.

The same objection is urged as to some of the items in the claim of the Lumber Company. The total amount of the original claim of the Lumber Company for materials furnished to the Park Company was $11,954.58 and at the time it filed its answer asserting its lien, there had been paid to it by the Park Company as a general credit upon its claim $6,000 in cash and a credit of $28.39 arising out of a particular transaction, leaving the amount then due it $5,926.19, and after the filing of its answer and before the entry of the decree there was paid to it by the Park Company $1,814.46, leaving a balance remaining due to it as found by the master of $4,111.73. The general credits upon the account of the Lumber Company more than offset the aggregate amount of items for which it was not entitled to a lien, and applying the principle above stated, it is clearly entitled to a lien for the amount now due and unpaid to it.

It is further urged on behalf of plaintiffs in error that there is no proof in the record to sustain the allowance by the chancellor of solicitor's fees to the lien claimants, to be taxed as costs, and for that reason the decree is erroneous in that regard. The report of the master, which was filed May 8, 1907, shows that on April 9, 1907, and on April 19, 1907, he proceeded to take the testimony of certain witnesses, who were familiar with the usual and customary fees there allowed and paid to solicitors in chancery, as to the value of the services of the solicitors for the respective lien claimants, and who fixed the value of such fees, and that the master upon such proof recommended the allowance of such fees to be taxed as costs, and the same was accordingly done in the decree entered by the court. There being sufficient competent evidence in the record to warrant the allowance of such fees, plaintiffs in error are bound by the report of the master upon that subject, as they neither objected to the findings of the master in that regard nor excepted to such findings before the court.

The report of the master found the amount remaining due and unpaid from the Park Company to the Lumber Company to be $4,111.73 and made no finding that any interest was due on said amount, or that the Lumber Company was entitled to any interest thereon. No objections were filed by the Lumber Company to the finding of the master in that respect, but, nevertheless, the court in its decree found the amount due the Lumber Company to be $4,317.83, which amount was ascertained by computing the interest upon the amount found to be due by the master at $206.10, and adding the same to the amount so found by the master. In this respect we think the decree was erroneous. The report of a master in chancery is conclusive upon the parties as to all questions covered by it not excepted to. Gehrke v. Gehrke, 190 Ill. 166; Glos v. Hoban, 212 Ill. 222. Defendant in error Lumber Company having failed to object to the finding of the master as to the amount due to it was bound by such finding and the chancellor was not authorized in awarding to it a greater amount than the amount found to be due by the master.

The decree of the Circuit Court will be and is hereby modified so as to require the Park Company to pay to the Lumber Company the sum of $4,111.73 with lawful interest thereon from July 8, 1907, the date of the decree, until paid, instead of the sum of $4,260.18 with like interest as provided in the decree, and in case the sale of the premises involved becomes necessary, the master in chancery out of the proceeds of such sale will pay to the Lumber Company the sum of $4,111.73 with lawful interest thereon to the day of sale, instead of the sum of $4,317.83 with like interest, as provided in the decree, and in all other respects said decree will be affirmed.

*Decree modified and affirmed.*