(155 App. Div. 285.)

### BARKENTHIEN v. PEOPLE et al.

(Supreme Court, Appellate Division, Second Department. February 7, 1913.)

1. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—PARTIES.

 Under Real Property Law (Consol. Laws 1909, c. 50) § 379, subd. "d," requiring that in every proceeding to register title to land the people of the state of New York shall be named as defendants in addition to all those claiming any right or interest in or lien on the property or who have filed any caution against a registration of the property, and section 391, making the judgment conclusive against the state of New York, the people have the right to appear and insist on proper proof of claimant's title in every such proceeding, whether or not they claim any adverse interest, especially in view of section 427, providing for an assurance fund for the reimbursement of any person sustaining loss or damage or deprived of real property or any interest therein, because of the registration of another person as owner of such property.

 [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

2. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—PARTIES.

 The Legislature had power to authorize the people to appear in proceedings for the registration of title to land, and to contest plaintiff's right to registration of his title, even though the proceeding be deemed to relate primarily to private interests.

 [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—PLEADING.

 Real Property Law (Consol. Laws 1909, c. 50) § 389, requiring defendants in proceedings to register title to land to state particularly what their interest is and to answer the material allegations of the complaint, does not apply to the answer of the people.

 [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—PLEADING.

 Under Real Property Law (Consol. Laws 1909, c. 50) § 370, providing that real property or any estate, interest or right therein, the title to which is thereby authorized to be registered, may be brought under the operation of that article, section 378 providing that no estate less than a fee simple shall be registered unless the title to the legal estate in fee simple in the same property is first registered, section 379 requiring the complaint to set forth certain matters "in addition to any other proper allegations," section 385 providing that, on the complaint and all other papers and documents filed, the court shall determine whether or not plaintiff appears to have a title that should be registered, and that the action shall be governed by and shall proceed according to the laws of the state and rules of the court relative to an action in the Supreme Court as far as the same are applicable, and not expressly abrogated or modified, and section 391 providing that no judgment of registration shall be made unless the court is satisfied that the title is free from reasonable doubt, the complaint must contain an allegation as to the nature and character of plaintiff's title.

 [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

5. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—PLEADING.

 If an allegation in the complaint in a proceeding to register the title to land that plaintiff is the owner in fee simple absolute of such real property is a sufficient allegation as to the nature and character of his title, a specific denial thereof puts that fact in issue.

 [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

6. RECORDS (§ 9*)—REGISTRATION OF TITLE TO LAND—EVIDENCE.

 Under Real Property Law (Consol. Laws 1909, c. 50) § 385, as amended by Laws 1910, c. 627, relative to a proceeding to register the title to

land, providing that, in all proceedings subsequent to the determination
that plaintiff appears to have the title that should be registered, the
allegations and statements of the examiner's certificate of title and of
his abstract and searches and in the survey shall be prima facie pre-
sumptive evidence of the facts that if any defendant controverts any;
allegation or statement in the certificate, abstract, etc., the facts contro-
verting them must be specifically pleaded, and, except as otherwise pro-
vided, affirmatively established by the defendant pleading or setting
them forth, and that, where a party has controverted in his pleading
specifically an allegation or statement in the certificate, abstract, etc.,
any person who has appeared in person or by attorney or counsel may re-
quire that the ordinary rules of evidence unaffected by that section shall
apply to the matter so controverted, where plaintiff's claim of title was
controverted by a defendant who gave notice that he should require that
the ordinary rules of evidence and proof should apply, the burden was
on plaintiff to establish her alleged title by the ordinary rules of evi-
dence and proof; the requirement as to proving matters by the ordinary
rules of evidence not being limited in its application to proof of mat-
ters by a defendant.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Appeal from Special Term, Queens County.

Proceeding to register title to land by Dina Barkenthien against the
People of the State of New York and others. From a judgment (136
N. Y. Supp. 178) dismissing the complaint, plaintiff appeals. Af-
firmed.

See, also, 77 Misc. Rep. 395, 136 N. Y. Supp. 652.

Argued before JENKS, P. J., and HIRSCHBERG, BURR,
WOODWARD, and RICH, JJ.

Henry L. Franklin, of New York City (Matthew J. Wheelehan, of
New York City, on the brief), for appellant.

Robert P. Beyer, Deputy Atty. Gen., for respondents.

BURR, J.   This is a proceeding to obtain registration of a title
to real property pursuant to the provisions of the Real Property Law
(Consolidated Laws, c. 50 [Laws of 1909, c. 52, as amended by Laws
of 1910, c. 627] §§ 370–435), familiarly known, but inaccurately de-
scribed, as the "Torrens Law." The application for registration, after
alleging that the applicant is the owner in fee simple absolute of the
said real property, further alleged that the applicant claimed that prior
to 1846 the premises sought to be registered belonged to one Joaquim
Jose Vasquez, who, dying in that year, left a will, proved before the
surrogate of the county of New York on the 3d day of October, 1846,
which will purported to devise said premises to Jerome Charles Albert
Bobone, Emilee Catherine Bobone, otherwise known as Emilee Cath-
erine Van Zeller, and Josephine Constancia Bobone, otherwise known
as Josephine Constancia Testor, children of a sister, Anna Emelia
Bobone, by her marriage with one Jerome Bobone. It also alleged
that one Eduardo Henrique de Meuron claimed some right, title, and
interest in said property as heir at law or devisee or otherwise of Joa-
quim Jose Vasquez or Ann Emelia Bobone or Jeanne Adelaide Bobone
or otherwise, the exact nature of whose claim or right, if any he has,
is unknown.   The said Eduardo Henrique de Meuron was made a

party defendant, and was served by publication, applicant claiming that she did not know his residence, except that he was supposed to reside in the city of Lisbon and republic of Portugal. He did not appear nor answer, nor is there any proof that he had actual notice of this proceeding. The people of the state of New York were made parties defendant, as under the act it is necessary that they should be, whether claiming any proprietary interest in the land or not. Real Property Law, supra, § 379, subd. "d." The people appeared by the Attorney General, and answered, denying most of the allegations of the application, including the allegation that applicant was the owner in fee simple absolute of the real property therein described. Such answer also pleaded a defect of parties defendant, in that one W. H. Pitkin, who had or claimed to have some interest in said property by reason of certain sales for taxes, was not made a party defendant, and also attacked the sufficiency of the official examiner's certificate of title annexed to the application, pointing out in what respect it was claimed to be deficient, and further specifically alleged that at the time of the death of Joaquim Jose Vasquez all of the devisees named in his said will were nonresident aliens, and that the attempted devise therein was void, that the sole heir at law of said Joaquim Jose Vasquez was a nonresident alien, residing at Lisbon, aforesaid, and that the title had escheated to the people of the state of New York, who have never conveyed nor otherwise divested themselves of said title.

Although the specific facts above referred to were not pleaded as a counterclaim, plaintiff replied, setting up, among other things, that if the devise contained in the will of Vasquez was void perforce the statutes of the state of New York, by virtue of the treaty between the United States of America and the kingdom of Portugal, proclaimed April 24, 1841, where on the death of any person holding real estate within the limits of one of the high contracting parties such real estate would by the laws of the land descend on a citizen or subject of the other party, who, by reason of alienage, may be incapable of holding it, he shall be allowed the time fixed by the laws of the country; and, in case the law of the country actually in force may not have fixed any such time, he then shall be allowed a reasonable time to sell or otherwise dispose of said real estate and to withdraw or export the proceeds without molestation. It also alleged that the said Eduardo H. de Meuron is a nonresident of the state of New York, and claims to be a citizen of the Swiss Republic, but "is now domiciled or is a resident or a citizen of the kingdom (sic) of Portugal," and that whatever rights, if any, he may have had as heir at law of said Vasquez "by virtue of the provisions of the treaties between the United States of America and the Kingdom of Portugal and (sic) the United States of America and the Swiss Republic," are now barred and precluded. Certain other affirmative allegations in the nature of equitable offsets against any claim of De Meuron or the people of the state of New York were contained in said reply, which allegations it is unnecessary now to consider, and the bar of the statute of limitations was also pleaded. When the case came on for trial, plaintiff offered in evidence the original summons and complaint and examiner's certificate of title, the original abstract of title signed

by the official examiner, notice of the pendency of this action, the order for the issuance and service of the summons and notice of object of action, an affidavit of regularity so called, and of posting of the summons and notice of object of action, and of publication of the same, the reply to defendants' answer, and an excerpt from the treaty between the United States and Portugal, dated April 24, 1841. Each of these documents was received over defendants' proper objection, and an exception was taken. Oral testimony was then offered respecting a certain tax deed, which it is not essential now to consider, and also as to the filing of a notice of pendency of action by Eduardo de Meuron in a suit affecting said property. The applicant then offered herself as a witness, and testified as to the price paid by her when she bought the lot of ground, the sum paid for erecting a house thereon, the payment by her of taxes on the property, and that she had attempted to sell it, but that the title had been rejected as imperfect and defective. Without offering further evidence, plaintiff rested, and on motion of the Attorney General the learned court at Special Term dismissed the proceeding for failure of proof and declined to register the title; and from a judgment entered in accordance with such decision this appeal comes.

We do not deem it necessary at the present time to consider the very grave and serious questions which suggest themselves respecting the constitutionality of this act or of some at least of its provisions. Assuming that it is a valid law, we think that under a fair construction of the language thereof plaintiff failed to establish by any competent proof a good and valid title to the premises sought to be registered, and that the judgment of the court at Special Term was right, and should be affirmed.

[1] 1. Irrespective of the fact that the people of the state of New York in this particular instance assert an adverse title to that of the applicant, we think in every case the people have the right to appear in a proceeding of this character, and, upon putting the fact of applicant's title in issue, to insist upon proper proof thereof before registration is permitted. The act requires (section 379, subd. "d") that in every such proceeding the people of the state of New York shall be specifically named as defendants, in addition to those other defendants specifically named as having or claiming "any right or interest in or lien upon the property, or any part thereof, as shown by the examiner's certificate of title," or "who have filed any caution or cautions against the registration of such property," and in addition to that class of defendants generally described as "all other persons, if any, having any right or interest in or lien upon said property affected by this action, or any part thereof." Id. It would seem unnecessary, to say the least, to require that a person should be specifically named as a party to a proceeding who had no interest in the result thereof, and to deny to such person the right upon a proper pleading to put the opposing party to his proof. Hyde v. Kitchen, 21 N. Y. Supp. 238;[1] Duffy v. Shirden, 139 App. Div. 755, 124 N. Y. Supp. 529; Sunder-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 633.

mann v. People, 148 App. Div. 124, 132 N. Y. Supp. 68. By requiring that the people should in every instance be made a party defendant, the statute would seem to recognize that they are persons whose interests may be affected by the judgment. Sundermann v. People, supra. We think that a reason may be found for this requirement in favor of the people. The purpose of the act, if it is a legitimate purpose and lawfully carried out, is to bar "the state of New York and all persons in the world," whether specifically named as defendants or not, from any claim to or interest in the property in question. Id. § 391. If, therefore, the interest of the people was simply in the nature of a general public interest, it might be that the Legislature could authorize the people acting in that interest to appear in such a proceeding and see to it that no title is registered which is not "free from reasonable doubt." Id. § 391.

[2] We think that it is within the power of the Legislature to make such a provision, even although the proceeding should be deemed to relate primarily to private interests. People v. Ballard, 134 N. Y. 269, 291, 32 N. E. 54, 17 L. R. A. 737; Hathorn v. Natural Carbonic Gas Co., 194 N. Y. 326, 348, 87 N. E. 504, 23 L. R. A. (N. S.) 436, 128 Am. St. Rep. 555, 16 Ann. Cas. 989; People v. N. Y. Carbonic Acid Gas Co., 196 N. Y. 421, 90 N. E. 441. We think that this act is sufficient authorization for such appearance.

[3] Reading section 389 of the act in connection with the other provisions thereof, we think that the requirements of that section that a defendant "shall state particularly what his interest is and answer material allegations of the complaint" should be limited to those defendants other than the people who are "interested in the property, or whose interests may be affected by the judgment in the action" by reason of some special claim thereto. There may be found an additional reason for the position which the Legislature has authorized the people to take. Another purpose of the act, if it is a legitimate purpose and the act is sufficient for its accomplishment, is to provide an assurance fund for land registered under said act for the benefit of "any person who, without negligence on his part, sustains loss or damage or is deprived of real property, or of any estate, right or interest therein, after the original registration thereof, because of the registration of another person as owner of such property, or of any estate, right, or interest therein, through fraud or in consequence of any error, omission, mistake or misdescription in any certificate of title or in any entry or memorial in the registration book." Id. § 427. It may well be that the people of the state are interested in seeing to it that no registration of title is made which shall imperil the safety of this assurance fund.

[4, 5] 2. The allegation contained in the application that "the plaintiff is the owner in fee simple absolute of the said real property" described therein is sufficiently put in issue by the specific denial of this allegation contained in defendants' answer. Although the act provides (section 370) that "real property, or any estate, interest, or right therein, the title to which is hereby authorized to be registered, may be brought under the operation of this article" (article 12 of the Real

Property Law), "no　*　*　*　estate less than a fee simple shall be registered, unless the title to the legal estate in fee simple in the same property is first registered" (Id. § 378). The application in this case clearly shows that this is an application to register a title of such a character. Section 379 of the act requires that "the complaint shall set forth, *in addition to any other proper allegations*" certain specified things. It is true that a statement of the nature of applicant's claim is not numbered among those thus specified. But it must appear from the complaint and all the other papers and documents filed in the making of the application for registration that plaintiff appears to have a title that should be registered (Id. § 385), and "no judgment of registration shall be made, unless the court is satisfied that the title to be registered accordingly is free from reasonable doubt" (section 391). The act further requires that:

"The action shall be governed by, and shall proceed according to, the laws of this state and the rules of court, relative to an action in the Supreme Court, as far as the same are applicable and are not expressly abrogated or modified by this article." Id. § 385.

It is elemental that what must be proved must be alleged. The court cannot be satisfied that the title sought to be registered is one of the character specified, and is free from doubt, without proof to that effect. An allegation, therefore, as to the nature and character of applicant's title, is essential, and is one of those "other proper allegations" referred to in said act, in addition to the specific allegations enumerated in section 379. The applicant must therefore take one horn of the dilemma or the other. Either the general statement contained in her application that she "is the owner in fee simple absolute of the said real property" is such an allegation, or the application contains none of such a character. If the general allegation is sufficient, then a specific denial of it, such as is contained in the answer of defendants, the people of the state of New York, puts the fact in issue. If this general allegation is not sufficient, then the application is defective. Although the application contains some other specific allegations as to plaintiff's claim as to the devolution of her title, each of these specifications is specifically denied, and the sufficiency of such an allegation is at least doubtful. An allegation that a person claims a thing to be so is not the equivalent of an allegation that it is so.

[6] 3. Defendants' right to compel proof of applicant's title existing under the law, and the answer of the people of the state of New York putting the material facts in issue, applicant's proof upon the trial was insufficient. The character of this proof has been already referred to. Prior to the amendment of 1910 (Laws of 1910, c. 627), such proof was clearly insufficient (Voorhies v. Voorhies, 66 Misc. Rep. 78, 120 N. Y. Supp. 677; Glos v. Hallowell, 190 Ill. 65, 60 N. E. 62; Glos v. Cessna, 207 Ill. 69, 69 N. E. 634; Glos v. Holberg, 220 Ill. 169, 77 N. E. 80). By the act last referred to, section 385 of the Real Property Law was amended so that it read as follows:

"In all proceedings subsequent to the determination by the court that plaintiff appears to have a title that should be registered, the allegations and statements of the examiner's certificate of title, and of his abstract and searches, and in the survey, shall be prima facie presumptive evidence of the

facts so alleged and stated, and if any defendant controverts any allegation or statement contained in said certificate of title, abstract, or searches, or survey, the facts controverting such allegation or statement must be specifically pleaded and set forth, and except as in this section otherwise provided must be established affirmatively by the defendant pleading or setting forth the same. ' * * * Where a party has controverted in his pleading specifically an allegation or statement contained in said certificate of title, abstract, searches or survey, any party who has appeared in person or by attorney or counsel at the trial may require that the ordinary rules of evidence and proof, unaffected by this section, shall apply to the matters so controverted."

The learned counsel for the applicant asks us to construe this as meaning that, if a defendant has answered specifically controverting any allegation or statement contained in either of the papers above specified, the burden of proof is upon him to affirmatively establish the specific allegations of his answer, and that, in this case it devolved upon the defendants, the people of the state of New York, to affirmatively prove that defendant had no such title. If we are right in our previous construction of the act, to the effect that the provisions of section 389, requiring the specific statement of the interest of the answering defendant, does not apply to the people, the effect of this amendment need not be considered. But, if we are wrong in this respect, the answer of defendant did contain statements specifically controverting applicant's claim of title, and at the beginning of the trial the learned Attorney General gave notice that he should require that the ordinary rules of evidence and proof, unaffected by this section, should apply to the matters controverted, to wit, the sufficiency of applicant's title. The learned counsel for the applicant contends that this only means that a party defendant who has interposed such an answer must, upon the demand of any other party, either plaintiff or codefendant, establish his affirmative allegations by proof of this character. This construction of the act would make the provision in question meaningless. The only proof by which any party except the applicant could establish his contention would be by the ordinary rules of evidence and proof, unaffected by this section. The only person whose character of proof is thereby affected is the applicant. To construe it as appellant contends it should be construed would be to say in effect that a party defendant must, upon the demand of any other party to the proceeding, establish his allegations by the only character and quality of proof that under any circumstances, and with such demand or without it, would be available to him. We acquit the Legislature of any such foolish intention. After such demand, the burden was on the applicant to establish her alleged title by the ordinary rules of evidence and proof. She made no attempt to do so, and was properly dismissed.

The judgment appealed from must be affirmed, with costs. All concur.