### JAMIESON & BOND CO. v. REYNOLDS et al.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

1. REFERENCE ⊚⟹29—CONSTRUCTION OF ORDER.
    The rule that, although an order of reference recites that the issues be heard and determined by a referee, it may be construed as one to hear and report with opinion, applies only where it would not be proper to commit to a referee the power to hear and determine.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 49–53, 55; Dec. Dig. ⊚⟹29.]

2. RECORDS ⊚⟹9—REGISTRATION OF LAND TITLES—DETERMINATION BY REFEREE—STATUTES.
    Although Real Property Law (Consol. Laws 1909, c. 50) § 391, provides that no judgment of registration shall be made unless the court is satisfied that the title to be registered is free from reasonable doubt, under section 371, providing that in actions to register titles the issues shall be tried by the court or a referee, it is proper to commit the case to a referee with power to hear and determine, not only to hear and report with opinion.
    [Ed. Note.—For other cases, see Records, Dec. Dig. ⊚⟹9.]

3. RECORDS ⊚⟹9—REGISTRATION OF LAND TITLES—TITLE OF PLAINTIFF—REFEREE'S FINDINGS—SUFFICIENCY.
    In an action to register title to land, where the referee found "the plaintiff and its predecessors have had record title since 1877, as appears by the documentary evidence," such finding was not one of fact, sustaining conclusions of law and the direction of judgment for plaintiff, since the purported finding itself was a conclusion of law, expressly inferred from the documentary evidence; there being no finding as to the facts established by such evidence.
    [Ed. Note.—For other cases, see Records, Dec. Dig. ⊚⟹9.]

4. RECORDS ⬦⬦9—REGISTRATION OF LAND TITLES—TITLE OF PLAINTIFF—SUF-
FICIENCY OF REFEREE'S FINDINGS—AIDER BY CONCLUSION OF LAW.

In an action to register the title to land, where the referee's purported finding of fact as to plaintiff's title was insufficient to sustain the conclusions of law and judgment for the plaintiff, as itself a conclusion of law, such finding was not rendered sufficient by a conclusion of law having no basis in the facts found in the findings, since conclusions of law, to have relevancy and weight, must proceed from facts found expressly or by proper inference.

[Ed. Note.—For other cases, see Records, Dec. Dig. ⬦⬦9.]

5. STATES ⬦⬦215—COSTS—ACTION TO REGISTER TITLE TO LAND—STATUTE.

Code Civ. Proc. § 3241, providing that where costs are awarded against the people in an action brought by a public officer pursuant to law, and the proceedings have not been stayed, the comptroller must draw his warrant for payment of the costs, upon production of an exemplified copy of the judgment or order awarding them, etc., did not operate to render proper the imposition of costs and extra allowances upon the people, in an action by a private corporation to register the title to land, in which the plaintiff secured judgment, since the Torrens Law expressly requires that the people shall be made parties defendant, while section 3241 relates only to an action or special proceeding brought by a public officer pursuant to law.

[Ed. Note.—For other cases, see States, Cent. Dig. § 203; Dec. Dig. ⬦⬦215.]

6. STATES ⬦⬦215—COSTS—ACTION TO REGISTER TITLE TO LAND—STATUTE.

In such an action, the examiner of titles under the registration act is not the real plaintiff, so as to make proper the award of costs against the state, under section 3241.

[Ed. Note.—For other cases, see States, Cent. Dig. § 203; Dec. Dig. ⬦⬦215.]

Appeal from Special Term, Queens County.

Action to register a title under the Torrens Law by the Jamieson & Bond Company against George G. Reynolds, 2d, the People of the State of New York, and others. From judgment for the plaintiff, and from an order, the People appeal. Judgment reversed, and order affirmed.

Argued before JENKS, P. J., THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Robert P. Beyer, Deputy Atty. Gen., for the People.
Gilbert Ray Hawes, of New York City, for respondent.

CARR, J. [1, 2] This is an action to register a title under the provisions of the Torrens Law chapter of the Real Property Law. Judgment went for the plaintiff. The defendants the people of the state of New York appeal.

The land, the title to which was sought to be registered, is situate in the borough of Queens, and consists of two parcels, one upland and the other land fronting on Jamaica Bay and running out to the low-water mark, and it is only as to the land between high and low water marks that any controversy exists on this appeal. The city of New York was made a party defendant, and after having obtained a stipulation, recognized by express provision in the judgment, protecting its rights in all the land under water as subject to its rights for the

⬦⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

extension of streets, it took no further part in the action. As to the land under water, the plaintiff claimed a fee simple absolute, and this the defendants the people of the state of New York denied in their answer, and alleged affirmatively that title was in the city of New York by virtue of chapter 568 of the Laws of 1909, by which the state of New York granted to the city of New York all its rights in the land under water in Jamaica Bay.

By stipulation made in open court by the respective counsel, the issues were referred to an official referee to hear and determine. On the trial before the referee, the defendants the people offered no evidence, and contented themselves with objecting to the sufficiency of the plaintiff's proofs and moving to dismiss the complaint. The referee made findings of fact and conclusions of law, and directed judgment for the plaintiff as prayed for in the complaint. Thereupon the plaintiff made a motion at Special Term to confirm the report of the referee. The defendants the people opposed. The court at Special Term denied the motion, and sent the matter back to the referee for further hearing and report, and an order was entered accordingly. Shortly thereafter the plaintiff moved to vacate the order last mentioned and for leave to withdraw its motion to confirm the referee's report. The motion was granted, and the former order vacated. From the order granting this motion, the defendants the people now appeal. Thereupon the plaintiff applied at Special Term for final judgment in accordance with the referee's findings. Judgment was granted, with costs and an extra allowance of $2,000 against the people, who now appeal from the judgment also.

It is contended by the appellants that the order of reference, though expressly reciting that it was to "hear and determine," must be considered as one to "hear and report" with opinion, and that on the decision of the referee a judgment may not be entered, even though the order of reference provides that the referee shall hear and determine. There are many authorities that, though the order of reference may recite that the issues are to be heard and determined by a referee, it may be construed properly as one "to hear and report with opinion." But these precedents are all in cases where, according to settled practice, it would not be proper to commit to a referee the power to hear and determine. That is not the case here. Although section 391 of the Real Property Law provides:

"No judgment of registration shall be made, unless the court is satisfied that the title to be registered accordingly is free from reasonable doubt"

—this does not mean necessarily that the court itself must determine the issues raised by the pleadings, for section 371 of the statute provides that the issues shall be tried by the court or a referee. Furthermore, actions of this kind are by express provision of the statute, subjected and assimilated to actions regulated by the Code of Civil Procedure. We think the objection to the scope of the referee's powers under the order of reference is untenable, and that the appeal from the order of the Special Term, above recited, should be affirmed.

[3, 4] This brings us to a consideration of the appeal from the judgment. It seems to us that the findings of fact made by the referee

are not sufficient to sustain the conclusions of law and the direction for judgment in favor of the plaintiff. There are six specified findings of fact. One marked "II" recites:

"That the plaintiff and its predecessors in ownership have had record title to the premises sought to be registered herein since in or about the year 1877, as appears by the documentary evidence herein."

This is not at all a finding of fact, but a conclusion of law expressly inferred from "the documentary evidence herein," but as to the facts established by this "documentary evidence" there is no finding whatever. The other findings of fact show a commercial grant to the plaintiff from the people of the state of New York, with conditions and covenants which negative an estate in the plaintiff in fee simple absolute in the lands under water. If the plaintiff's title rests exclusively upon the grant from the state, then it is beyond controversy that the judgment, so far as it decrees registration of the title to the land under water in the plaintiff, is erroneous. Nor is this situation improved by the "conclusion of law" marked "2," which recites:

"That in accordance with the opinion and decision of the Supreme Court, at the Appellate Division, Second Department, thereof, in the case of Rockaway Park Improvement Company, Limited, v. City of New York (in October, 1910) 140 App. Div. 160, 124 N. Y. Supp. 1096, by the terms of the original patent or grant from Gov. Dongan to Capt. John Palmer, on the 6th day of October, 1685, the lands included in the Rockaway Peninsula so conveyed were bounded on the north by the beach, or Brant channel, or low-water mark in Jamaica Bay, and on the south by the low-water mark in the Atlantic Ocean, which lands include the premises sought to be registered herein."

So far as this case is concerned, this so-called "conclusion of law" has no basis in the facts found in the "finding of facts." A "conclusion of law" must proceed from the facts found, expressly or by proper inference, or it has no relevancy, and cannot be considered as of any weight. No doubt the plaintiff claims by mesne conveyances under the "Palmer patent," for we are told so repeatedly in the briefs on this appeal. But the facts which establish this claim must appear in the findings or in uncontroverted allegations of the complaint. There are no allegations whatever in the complaint that set forth title under the "Palmer grant." It may be said that the examiner's certificate of title, attached to the complaint, states the "Palmer grant" as a basis of plaintiff's title. The statute does not give to the examiner of titles any power of adjudication. It does give to his statement of facts, but not his mere conclusions, the character of presumptive evidence; but evidence is all they are, and the findings in the case should recite the facts which the evidence establishes.

Doubtless this court may, under the recent amendments to the Code of Civil Procedure and the precedents applying to them, go outside the findings of the referee and search the record for basis for additional findings to support the judgment. We shall not do so in this case, for we feel that it is most desirable that actions, conducted under this statute, should be regular and workmanlike in their procedure. This statute appears to come into larger use, year by year. It will furnish a large volume of judicial work. This work should be done adequately in the forum of its origin, and the appellate courts should

be freed from the necessity of retrying issues on appeal. These views require a reversal of the judgment and the remission of the case to the referee, with directions to make such other and additional findings as the evidence may warrant, in his judgment.

[5, 6] In view of the award of costs and a general allowance against the defendants, the people of the state of New York, we take occasion to say that in our opinion this case did not call for the imposition of costs and extra allowances upon the appellants. The statute under which the action was brought expressly requires that the people should be made parties defendant. This requirement is in the public interest, and is provided that the Attorney General may have a standing in the action to compel the plaintiff to establish a title free from reasonable doubt. Barkenthien v. People, 155 App. Div. 285, 140 N. Y. Supp. 100; Id., 212 N. Y. 36, 105 N. E. 808; Meighan v. Rohe, 166 App. Div. 175, 151 N. Y. Supp. 785.

We are not persuaded by the contention of the learned counsel for the respondent that costs and allowances were awarded against the appellants properly under section 3241 of the Code of Civil Procedure. That section on its face relates to "an action or a special proceeding brought, by a public officer, pursuant to any provision of law." The plaintiff in this action is a private corporation and not a "public officer." But, argues the learned counsel, the examiner of titles under the statute is a public officer, and *he* is the real plaintiff. This contention is naive, but not convincing.

The order should be affirmed, without costs. The judgment is reversed, and the matter remitted to the referee to proceed according to this opinion, without costs of this appeal. All concur.